EASTERN DIS.
March, 1833.

REEVES
vs.
ADAMS.

---

## REEVES vs. ADAMS.

APPEAL FROM THE COURT OF THE FOURTH JUDICIAL DISTRICT, THE JUDGE THEREOF PRESIDING.

The rules which govern the manner of citation in a suspensive appeal, apply equally to one which is devolutive only.

The Supreme Court will consider the entire case, and decide on its merits, if either the clerk, or the judge *a quo*, certifies that the record contains all the documents and evidence on which the cause has been heard and determined.

If prescription be first pleaded in the Supreme Court, and the plea must be sustained on the pleadings and facts appearing on the record, the court will remand the cause, to afford an opportunity in the inferior court, to disprove the facts on which the plea is based.

*Ives* and *Nicholls*, for appellants.

1. The mortgage was paid and satisfied.

2. The claim of the heirs was prescribed, and mortgage extinct.

3. Plaintiff was never disturbed in his possession.

4. Plaintiff's right of action was barred by prescription, and may be taken advantage of in the Supreme Court. *Code*

*of Practice*, 902, *La. Code*, 3507, *Old Civil Code. Martin's Reports*, 7 *N. S.* 110, 111. *Union Cot. Manufactory* vs. *Lobdell.*

*Burk* and *Davis*, for appellee, relied on the following points and authorities.

1. The appellant is not competent to appeal, he having acquiesced in the judgment by voluntarily suffering it to be executed. *Code of Practice*, 567, *no.* 1.

2. The appeal has not been made returnable according to law. 3 *La. Reports* 440. *Code of Practice, art.* 583.

3. There is no certificate of the judge, statement of facts, or bill of exceptions. *Code of Practice*, 586.

4. All this must be done previous to appeal. *Code of Practice*, 602, 603.

5. The answer admits all the allegations in the petition not expressly denied, and so far makes the plaintiff's petition evidence in his favor.

6. Prescription has once been pleaded and cannot be maintained.

7. The existence of the obligation to discharge the mortgage being admitted, performance must be shown, and the party is not competent to plead prescription.

8. There is no proof that defendant has used diligence to raise the mortgage.

9. Lovel Gilbert was not competent to discharge the mortgage.

The facts are stated in the opinion of the court, delivered by MATHEWS, J.

This suit is brought to have the sale of a certain tract of land (as described in the petition) rescinded, and to recover back the price, with interest, which had been paid by the plaintiff to the defendant. The rescission of the contract is claimed, on account of the defendant not having raised and cancelled a mortgage, which existed on the land at the time of sale, and which he bound himself to do, or cause to be

37

done.   He pleaded performance and fulfilment of the obligations created by the stipulation, to raise the mortgage, and that at all events it could not prejudice the rights of the plaintiff, being unavailable to the mortgagees, in consequence of legal prescription against its effects.

The court below rendered a judgment on the 5th of May, 1832, by which it was decreed, that the sale should be rescinded and annulled, and that the defendant should refund to the plaintiff the price which had been paid for the land, and interest at the rate of five per cent. per annum, until paid, unless the defendant should within six months from the date of the judgment, raise the mortgage, &c.   On the 22d of January, 1833, the defendant obtained an order of appeal which was made returnable to the Supreme Court, on the first Monday of March of the same year, and was brought up in pursuance of the order; and since the appeal the defendant pleaded prescription to the action, of ten years under the *Old Code,* and five under the *La. Code.*

The appellee moves to have the appeal dismissed, on the following grounds:   First, because the appellant has lost his right to appeal, in consequence of having acquiesced in the judgment, by voluntarily suffering it to be executed.   Second, the appeal has not been made returnable according to law. Third, there is no certificate of the judge, statement of facts, or bills of exceptions made, as required by law, &c.

In support of the first of the grounds, on which the motion to dismiss is founded, reliance is had on *art. 567, no. 1* of the *Code of Practice,* wherein it is stated, that "a party against whom a judgment has been rendered, cannot appeal," if such judgment have been confessed by him, or if he have acquiesced in the same, by executing it voluntarily.   As to this point, it suffices to say, that it is not in any manner supported by the facts of the case as they appear on the record.

In relation to the term of the Appellate Court, to which the appeal was made returnable, we are of opinion that there is no error or procrastination on the part of the appellant, sufficient to authorise or require a dismissal of his appeal.   He had a right to appeal at any time within one

year, from the time the judgment was rendered in the court below.  *Code of Practice*, 593.  The appeal was not taken in the present instance, in time to operate a suspension of execution on the judgment of the District Court, it is only devolutive in its effects.  Yet it is believed that the same rules are applicable to the manner in which the appellee should have been cited, which govern in suspensive appeals.  We have already seen, that the order granting this appeal was given on the 22d of January, 1833.  It seems by the citation and return, that the appellee resides in the parish of La Fayette.  Now to allow the delay authorised by law, it is evident that there was not sufficient time to cite him to the next term of the court of appeals, which was in February, and consequently the citation and return of the appeal, were correctly made to the first of the term immediately succeeding.  Therefore, the decision to be found in 3 *La. Reports*, 440, and relied on by the appellee's counsel, is not applicable to the present case.  See that decision, and *Code of Practice, art.* 583.

It is true, that in this case there is no certificate of the judge *a quo*, as required by the 586th article of the *Code of Practice*, neither is there a statement of facts, nor bill of exceptions; and unless these deficiencies are supplied by the certificate of the clerk, under the article 896, the appeal must be dismissed, in pursuance of the provisions of the article 895, wherein it is declared that, " the Supreme Court can only exercise its jurisdiction, in so far as it shall have knowledge of the matter argued or contested below.

There is in appearance a discrepancy between the article 586 of the *Code of Practice*, relied on by the counsel of the appellee, and the article 896, on which the appellant's counsel relies.  By the former it is declared, that if the testimony produced in the cause, have been taken in writing, and if the records contain all the evidence produced in the suit, the judge shall certify, &c., that they contain all the evidence adduced by the parties, otherwise he must make a statement of facts, &c.  The latter provides, that if the record brought up, be not duly certified by the clerk of the lower court, as

*Margin notes:*

EASTERN DIS.
*March*, 1833.

REEVES
*vs.*
ADAMS.

The rules which govern the manner of citation in a suspensive appeal, apply equally to one which is devolutive only.

containing all the testimony adduced, the Supreme Court can only judge of such cause on a statement of facts, &c.

To reconcile these articles of the *Code of Practice*, or to give effect to both, it may not be useless to give a concise history of the practice as regulated by law, before the adoption of the Code. According to the act of the legislature of 1813, the first law passed in relation to judicial proceedings under the state constitution and government, a statement of facts was required to be made out, either by agreement of the parties to a suit, or in the event of their disagreement by the judge. Subsequently a law was passed requiring the testimony to be taken down in writing by the clerk, to serve as a statement of facts when requested by either of the parties to a suit. There was also a law authorising the Appellate Court to examine and decide a cause on its merits, when the evidence was entirely documentary, on a certificate of the judge of the lower court to that effect, and that the record contained all the documents on which the case was decided in the first instance.

In pursuance of the law authorising the testimony to be taken down in writing, by the clerk of the inferior court, it was his duty to certify, that the record sent up to the Supreme Court, contained all the evidence on which the cause had been decided, whether that evidence were composed entirely of testimonial proof, or partly of that and partly of written documents, and perhaps his certificate would have been sufficient, under the old rules of practice, in cases where all the evidence consisted of written documents. It seems to us, that the certificate to be now given by the judge, as required by the article 586, of the *Code of Practice*, has reference merely to that which he was previously authorised to give, in cases where the whole evidence consisted of written documents. The expression is in the Code, "if the testimony have been taken in writing, and if the records contain all the evidence produced in the suit, the judge shall certify, &c." It must be noticed that the expression, *have been taken in writing*, may, and probably does, refer to testimony taken by interrogatories, under a commission from the court, and not

such as may be taken down in writing by the clerk during the trial of a cause, and where the whole evidence consists of testimony taken on interrogatories and written documents, the certificate of the judge to this effect, would suffice. But in the present case, the evidence is composed partly of documents and partly of testimony taken down by the clerk in writing. And he certifies that the record contains a true and correct copy of all the documents on file, transcript of the proceedings, and all the evidence adduced in the case, &c. This, we are of opinion, is sufficient according to the article 896 of the *Code of Practice*, to authorise this court to examine and decide the case on its merits.

According to this exposition of the present rules of practice, where the record contains all the documents and evidence on which a cause has been heard and determined in the court below, a certificate to this effect, made either by the judge *a quo*, or the clerk of that court, will authorise the appellate tribunal to take into consideration the entire cause, and decide it on the merits.

*The Supreme Court will consider the entire case, and decide on its merits, if either the clerk, or the judge a quo, certifies that the record contains all the documents and evidence on which the cause has been heard and determined.*

The next point to be investigated, relates to the plea of prescription, made for the first time in this court. The right to plead prescription at so late a stage of a suit, is tolerated by law. Five years having elapsed since the promulgation of the *Louisiana Code*, and previous to the institution of the present action, which was commenced and prosecuted to obtain the rescission of a contract made between the parties in 1821, the article 3507, is applicable to the present case, according to the decision of this court, rendered in the case, *The Union Cotton Manufactory* vs. *Lobdell*, 7 *N. S.* 110. The prescription established by this article of the Code, is five years for persons present in the state, and ten for those who are absent. In the present instance, both parties are domiciliated in the state. The contract of sale, sought to be rescinded, was entered into in February 1821. In May of the same year, Adams, the vendee, promised by an act, under private signature, to raise the mortgage in question. The present suit was not commenced until October 1831. More than six years after the promulgation of the New

EASTERN DIS.
*March,* 1833.

Code. Now had the prescription relied on in this court, been pleaded in the court below, and no evidence been adduced to show that it had been interrupted, or the right acquired under it released by the defendant, we are of opinion that judgment ought to have been rendered in his favor. Not having been there pleaded, the plaintiff had no opportunity to show any circumstances, which might have taken his case from the government of the article of the Code, here relied on. The answer, as has already been stated, amounts virtually to a plea of performance, which is not so inconsistent with a plea of prescription, that both may not be used in the same action.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be avoided, reversed and annulled, and that the cause be remanded, together with the plea of prescription pleaded in this court. The case to be tried *de novo.* The appellee to pay costs of appeal.