John McAuliffe and another v. Nicholas Noel Destrehan.

Papers annexed to an answer, but not offered in evidence on the trial, cannot be considered as evidence in the case.

Where a party wishes to show that a case was not regularly set for trial, nor the proper notice given, he must cause the rules of the court of the first instance to be certified in the record, or it will be presumed that the case was regularly tried.

Appeal from the District Court of the First District, *Buchanan,* J.

*Molloy* and *Hoffman,* for the plaintiffs.

*Graihle* and *Preston,* for the appellant.

Bullard, J. The plaintiffs entered into a contract with the defendant to dig a canal on his land, to be twelve acres in length, twenty feet wide at the top, eighteen feet at the bottom, and four and a half feet deep, exclusive of all mud below the level of the original soil ; all the dirt to be thrown on the west side, and the large roots and chips to be thrown on the east side ; the main body of the stumps to be freed of dirt and their roots, and being so dug up, to be left in the canal. The levée to be made on the west side, to be exactly like the one already completed, near the point where the parties are to begin ; the east edge of the canal to be cut plumb down, and the two feet difference in width at top and bottom, to be allowed for the slope on the west side. The defendant, on his part engages in consideration of the work to be done, to give them a clear title to certain lots of ground in the village of Mechanicsham, and to pay them further the sum of twelve hundred dollars, the whole estimated at two thousand dollars. They allege that they completed the work according to contract ; and this action was brought to recover the stipulated price.

The defendant answered *in proprià personà,* and denies that the plaintiffs have completed the work according to contract. He annexes to his answer another contract, for a similar job, which he admits was accomplished ; and a report made by a surveyor whom he employed to examine the canal now in question, which survey he alleges was made after notice to the plaintiffs to attend, is also annexed to his answer ; but none of these

McAuliffe and another v. Destréhan.

documents were given in evidence on the trial, and cannot be considered by us as evidence in the case.

The trial resulted in a judgment against the defendant, and he appealed.

Two witnesses testified that the canal was completed about the 15th of July, and that before the workmen were sent away the defendant was sent for. He came, and measured the length of the canal with a chain. The canal was found too short by about twelve feet ; a stake was driven down, and the canal extended to the stake. They say that the work was done according to the contract as rigidly as any work they ever did.* The defendant was present at the examination of these witnesses before the commissioner, and cross-examined them. They did not see the defendant measure the depth or the breadth of the canal ; but the defendant, in his answer, does not specify in what particulars the work was deficient. It is true, on one occasion, he is shown to have said that it was not deep enough. It may not have been as deep as the contract called for, in some places, in consequence of inequalities in the surface of the ground, and yet the average depth have been such as required.

The case turned wholly on questions of fact. The defendant offered no evidence ; even the documents referred to in his answer, were not given in evidence. Under these circumstances we cannot say that the judge erred, in considering the case of the plaintiffs as sufficiently made out.

But it is urged, that the case was tried *exparte,* and that it was not regularly set down, and notice of the time of trial given to the defendant. The rules of the court of the first instance are not certified to as on the record, and we, must presume that it was regularly tried. The defendant must blame himself, if he did not choose to attend, either in person, or by attorney.

*Judgment affirmed.*

---

*This statement was made by one of the witnesses only, Lawton The other witness, Conlin, did not testify to that effect.