No. 6477.

STOUGHTON COOLEY VS. H. H. BROAD ET AL.

When the record of appeal contains no note of the evidence offered and received in the court below; and no statement of facts agreed on by the parties, or made by the inferior judge; and no bill of exception, or assignment of error, the appeal will be dismissed. And the usual certificate of the clerk of the lower court, that such a record contains a copy of all the evidence, etc., offered and filed in the lower court, is not sufficient to maintain the appeal.

APPEAL from the Fifth District Court, parish of Orleans.  *Cullom, J. Hornor & Benedict,* for plaintiff and appellee.  *F. D. King,* for appellant.

The opinion of the court was delivered by SPENCER, J.

Plaintiff moves to dismiss this appeal of defendants, on the following grounds:

First—That the record does not contain any written note of the evidence offered and received on the trial.

Second—That it does not contain any statement of the facts agreed upon by the parties, or made by the judge.

Third—That it does not contain any bill of exceptions, or assignment of errors.

" The Supreme Court can only exercise its jurisdiction in so far as it shall have knowledge of the matters argued or contested below."  C. P. 895.

The Code of Practice has provided carefully for all the phases which a trial below may assume, and has provided the means of bringing to the notice of this court all questions of law and fact in appealable cases.

Article 601 provides that " either party may require the clerk to take

Cooley vs. Broad.

down the testimony in writing, which *shall serve as a statement of facts,* if the parties should not agree to one."

Article 602 provides: "When the depositions of witnesses have not been taken in writing in the inferior court, the party intending to appeal, or his advocate, *must require* the adverse party, or his advocate, to draw up, jointly with him, *a statement of the facts proved in the cause,* and this statement thus drawn up and signed, either by the parties or their advocates, shall be annexed to the record or transcript of the same transmitted to the Supreme Court."

Article 603: "If the adverse party, when required to do so, refuse to join in making out the statement of facts, or if the parties can not agree as to the manner of drawing the same, the courts, at the request of either, shall make such statement, according to their recollection of the facts, or from the notes they have taken of the evidence."

Article 896 : "If, therefore, the copy of the record brought up be not duly certified by the clerk of the lower court, as containing all the testimony adduced, the Supreme Court can only judge of such cause on a statement of facts, prepared and signed in the manner directed above, or on a written exception to the opinion of the judge, or on a special verdict, and in the absence of all these, it shall reject the appeal with costs; but this is to be understood with such modifications as are contained in the following articles. "

Article 897: "The appellant who does not rely, wholly or in part on a statement of facts, an exception to the judge's opinion, or special verdict to sustain his appeal, but on an error of law appearing on the face of the record, shall be allowed to allege such error, if within ten days after the record is brought up he files in the Supreme Court a written paper, stating specially such errors as he alleges; otherwise his appeal shall be rejected."

The record in the case at bar has the usual certificate of the clerk appended to it, in which he certifies "that the foregoing fifty-six pages contain a true copy and transcript of all the documents filed, proceedings had, and evidence adduced, etc."

If the motion in this case to dismiss rested upon the insufficiency of the clerk's certificate, it certainly could not prevail. That certificate certifies that the transcript is complete; that all the pleadings, proceedings, and evidence are contained in it. But when we open the record to examine it, as we are bound to do under that certificate, we find nothing which "gives us knowledge of the matters argued or contested below." We find therein certain pleadings and copies of contracts, notes, protests, notices of protest, and other papers. But we find no note or memorandum showing which, if any, of these various documents were offered as evidence on the trial below, or received or considered by the

·court. We find no "statement of the facts proved in the cause," màdé· ·either by the parties, their advocates,.or the judge. We find no·special· verdict, bill· of exceptions, or assignment of errors. How ·can· this court undertake to decide whether the judge *a quo* made a wrong judgment or not unless it have before it a statement, in some form, of the facts· proven or considered by him? Are we to presume that all the documents, etc., appearing in the record were offered in evidence,.and received· and considered by the court? Every lawyer knows· that records are largely filled up with papers which are not offered; or if offered, not received in evidence. Every paper annexed to a plaintiff's petition, or defendant's answer, is necessarily copied into the record, but this is no, proof that such paper was either offered or received in evidence.

The clerk's certificate that a record contains· " all the evidence ad-·duced " in a cause, even if literally true, would· not énable·this court to review the judgment of the lower court, in the absence of a note of evi-·dence, or statement of facts, or some memorandum in writing as· to what ·was submitted to the judgment of the court, for while it might be true·that the record contained " all the evidence adduced," it might be equally ·true that it contains many papers and documents which were either not ·offered, or being offered were not received in evidence. Such a certifi-cate by the clerk does not enable this court to know the precise facts upon which the lower court acted, and without such knowledge this court can not proceed. It is clear, therefore, that such a certificate can not supply the place of a note of evidence or statement of ·facts.

Under our law it is well settled that the clerk can only certify copies of his records, and that his certificate of any fact, not appearing by the record, is of no avail. He can not certify.that a plaintiff's petition con-·tains certain allegations, but he can certify a copy of that petition. As to what it contains, the petition must speak for itself. So a clerk's cer-·tificate that a record contains " all the evidence adduced " is ineffective, if that record *does not of itself show* what evidence was adduced. In our opinion the clerk *can not* " duly certify " a record "as containing all the evidence adduced " as contemplated by article 896 of the Code of Practice, unless there is in that record some proper note or memoran-·dum of the evidence offered and received. If there is such note in the record, then the clerk may well certify that the record contains copies of the instruments of evidence named in it. To hold otherwise would, it seems to us, put litigants at the mercy of the memory of clerks, and abandon all certainty in judicial proceedings. These certificates which clerks append to transcripts are most frequently written weeks, often months, after the case is tried. Now, there being no note, or memoran-dum, of the evidence offered and received, to be found in the record, does not the clerk, of necessity, when he certifies that record as containing

"all the evidence adduced," do so from mere memory? Suppose wit-
nesses to have testified orally in court, and that their testimony was not
reduced to writing, might not the clerk, after the lapse of weeks or
months, forget this, and innocently certify the record as containing "all
the evidence adduced." But if there is in the record, as part of it, a
writing made at the time of trial and under the supervision of the par-
ties and the court, showing what evidence was offered, then the clerk
certifies what the record shows of itself. If the testimony has not been
noted in writing, its place can only be supplied by a statement of facts
made by the parties or the judge. The clerk has no power, either directly,
or by his certificate, to supply this statement.

We therefore conclude, that as an examination of the record in this
case does not give us "knowledge of the matters argued or contested
below," and does not put us in possession of the facts upon which the
judge *a quo* based his decree, we are obliged to dismiss this appeal.

It is therefore ordered that this appeal be dismissed at the cost of ap-
pellants.

### CONCURRING OPINION.

MANNING, C. J. I concur in the judgment dismissing the appeal.

The certificate of the clerk is in the usual form; *i. e.*, that the foregoing
pages contain a true and complete transcript of all the proceedings had,
evidence adduced, and all the documents filed upon the trial of the case.
In the absence of any allegation impeaching its truth the certificate is
conclusive—*pro veritate accipitur*. Neither party questions its truth.
There is no suggestion of diminution of the record, nor application for
a writ of *certiorari*.

In Reeves vs. Adams, 5 La. 288, it was said, the Supreme Court will
consider the entire case, and decide on its merits, if either the clerk or
judge *a quo* certifies that the record contains all the documents and evi-
dence on which the cause has been heard and determined.

In Erwin vs. Orillion, 6 La. 205, this doctrine was repeated, the form of
the dictum there being, that the certificate of the clerk alone that the
record contains a copy of all the documents on file, a transcript of all
the proceedings had, and all the testimony adduced, authorizes the Su-
preme Court to examine a case on the merits. See, also, Cammack vs.
Gordon, 20 An. 213, and Louisiana State Bank vs. Cammack, 21 An. 133.

I recognize the correctness and binding force of these decisions, and
am prepared to examine this case on its merits. But when I turn to the
record, I find no note of the evidence that was offered. There is a mass
of documents copied in the transcript, but nothing to indicate that they
are a part of the testimony. The appellate court will not notice docu-
ments that are copied in the transcript, if not referred to and indicated

in the note of evidence, although they may be annexed to the answer. McAuliffe vs. Destiehan, 9 Rob. 466.

It is the duty of the appellant to see that the record contains all the evidence on which the case was tried. Magloire vs. Barbin, 25 An. 667. And it is not the duty of the clerk to take it in writing, unless required by one of the parties to the suit. C. P., art. 601; Bowman vs. Janes, 6 La. 124. There is no statement of facts, which can alone supply the want of the evidence as received, nor is there any assignment of errors, nor bill of exceptions. There is nothing which can inform the court of the merits. We can not reverse the decision of the lower court, as the appellant desires, because the record filed by him does not afford us any means of ascertaining that it is wrong. We can not affirm it, though the legal presumption is in favor of its correctness. When there is no note of evidence in the record of appeal, it will be presumed that the judg-- ment of the court *a qua* was properly rendered, and upon evidence prop-- erly before it. Graham vs. Rice, 23 An. 393; Simmons vs. Howard, *idem.* 504; Smith vs. New Orleans, 24 An. 20.

The party who desires to have a judgment, of which he complains, re-- versed, should have the testimony reduced to writing, or a statement of facts made; otherwise the presumption is that appellees fully made out their case below. Johnson vs. Spearing, 15 La. 232.

Dismissal of the appeal is the only action the court can take, and it has been already so adjudged. In every appeal the evidence on which the judge acted must be brought up, or the appeal will be dismissed. Jones. vs. Neville, 9 Rob. 478.