FOURNET, Justice.
 

 The defendants and appellees filed a motion to dismiss the appeal in this case on the ground that no citation was issued or served on them although the appeal was obtained in chambers, and, in the alternative, that the transcript is fatally defective because the note of evidence is not included therein.
 

 Adam and Martin G. Nunez, alleging themselves to be property owners and taxpayers of St. Bernard Parish, instituted injunction proceedings against the Police Jury of St. Bernard Parish and its component members to prevent them, either individually or as a body, from acting in any official capacity whatsoever, and in connection therewith they obtained a temporary restraining order. The trial judge rendered judgment in favor of the defendants, denying the injunction, dissolving the restraining order, and condemning the plaintiffs to pay attorney fees in the sum of $250, from which judgment the plaintiffs have .appealed.
 

 In the order of appeal it was provided that a copy of the petition and order and a citation of appeal be served on the Police Jury of St. Bernard Parish and on each member of the jury individually. The appeal bonds were furnished, but the citations were never issued or served. Plaintiffs and appellants contend it was the duty of the Clerk of Court to issue the citations ás prayed for and the duty of the sheriff to serve them, and that they should not be penalized because the clerk neglected to perform his mandatory duty.
 

 “It is the duty of clerks of court to issue citations of appeal when prayed for, and they should in no case omit this duty unless instructed in writing by appellant or his counsel to omit it.” Gagneaux v. Desonier, 109 La. 460, 33 So. 561. And in all cases where the appellant asks that citation of appeal be issued and served, the appeal must be sustained, even though the citation was not issued or served, unless the record affirmatively discloses the failure to have been caused by the appellant or by his counsel See the cáses of Gallagher v. Thomas, 22 La.Ann. 112; McCutchen v. Hudson, 132 La. 177, 61 So. 157; Investors’ Mortgage Co. v. Aleman, 165 La. 104, 115 So. 383; and Articles 581 and 582 of the Code of Practice.
 

 In support of their alternative ground, the appellees rely principally on the case of Cooley v. Broad, 29 La.Ann. 71, which held that an appeal will be dismissed where the transcript contains neither a note of evidence nor a statement of facts agreed on
 
 *420
 
 by the parties or made up by the judge of the lower court.
 

 Of course, the holding in the Cooley case is now subject to the provisions of Act No. 234 of 1932 that
 
 "Whenever an appellant files an incomplete transcript,
 
 * * *
 
 or whenever because of any error on the part of the Clerk of Court
 
 * * *
 
 a motion to dismiss his appeal is filed
 
 * * *
 
 by an appellee,
 
 * * *
 
 charging and setting forth as grounds for dismissal any of the above reasons, no appellate court shall maintain said motion to dismiss, or dismiss the appeal, unless it first allow to the appellant at least two additional days, exclusive of Sundays and holidays, to cure and correct any and■ all the informalities and irregularities alleged and complained of in the motion to dismiss
 
 * * (Italics ours.)
 

 The appellants argue in their brief that the fatal defect in the transcript is attributable to the Clerk of Court and that they should not be penalized for his neglect.
 

 The record discloses that the return day of the appeal in the instant case was May 28, 1940. On May 27, 1940, the appellants secured an extension of time for the filing of the transcript on the affidavit of the Clerk of Court that the transcript had not been completed because the stenographic record of the evidence had not been filed by the stenographer. On five other occasions, June 27, July 25, August 23, September 26, and October 26, 1940, we granted a like extension for the identical reason. The note of evidence was never filed in the record. Instead, a statement of facts that had been prepared by the. Clerk of Court was made a part of the transcript.
 

 After the briefs were filed in this case, and apparently to overcome the argument advanced by the appellants that the transcript’s defect was the fault of the Clerk of Court, the appellees filed two affidavits in this court, one signed by the stenographer who had taken the evidence in this case, the other by the Clerk of Court. In the first affidavit the stenographer states the transcript of the testimony was never made up because the plaintiffs and appellants, finding it to be too expensive, preferred to insert in the record a statement of facts prepared by the Clerk of Court. In the second affidavit the Clerk of Court states the statement of facts signed by him was prepared by the appellants and included in the record instead of the stenographer’s note of evidence at the direction of the appellants.
 

 While we do not dispute the correctness of the allegations in these affidavits, we cannot determine the issue thus raised by these ex parte statements. We must, therefore, grant the appellants additional time in which to complete the record in this case.
 

 For the reasons assigned, the appellants are ordered to complete the record by filing here the transcribed notes of evidence within twenty days from the date this judgment becomes final, and, in the event of their failure to comply with this order, the appeal will be dismissed, at appellants’ cost.