HARDY, Judge.
This is a suit by which plaintiff demands recovery of the sum of $535 alleged to- represent damages resulting from loss of material and labor costs expended, profit on operations, and rental of land. Plaintiff was the lessee of a certain described five-acre tract of land owned by defendant, her lessor, in East Carroll Parish. The basis of plaintiff’s demand is that before the expiration of the period of her lease defendant destroyed a crop of Creole Easter Lily bulbs which 'had been planted and cultivated by plaintiff, thereby depriving plaintiff of all profit, in addition to damages resulting from the expenditure of costs of material, labor and rental. After trial there was judgment «n favor of plaintiff in the full sum of $405, from which defendant has appealed.
The sole matters presented on this appeal involve questions of fact. The testimony was not transcribed and the following statements were noted in the written opinion of the District Judge:
“No- written testimony was taken in this case. Consequently the court is forced to rely on meager notes and recollections to recapitulate what was said.”
íjc S{í í[c í{S % ‡
“This court has arrived at the following conclusions:
“That defendant had no right to plow the land planted in bulbs which he had rented to plaintiff.
“That, by such action, he violated his contract of lease.
“That, by such plowing, he completely destroyed the crop of bulbs, causing a total loss to plaintiff.
“That, by such destruction, plaintiff was absolved from any attempt to salvage the crop.”
The last above noted extract was followed by the allowance of judgment and the decree.
Procedure in cases in which testimony is not reduced to writing is carefully provided in Articles 602, 603 of the Code of Practice. We do not find that the requirements have been met.
It is true that there appears in the record before us a prepared “statement of facts”, but the statement is not signed by the parties nor their counsel nor the district Judge. The matter has been several times passed upon 'by our appellate tribunals. Possibly the best enunciation of the principle is to be found in Williamson v. Enterprise Brick Company, Inc., 190 La. 415, 182 So. 556, reversing La.App., 178 So. 197, in which the court held that an appeal must be dismissed 'in cases in which the record filed in an appellate court contains no transcript of testimony or statement of facts agreed to by the parties or furnished by the trial Judge.
Under the circumstances we have no alternative. Accordingly, it is ordered that the appeal in the instant case be and it is hereby dismissed at appellant’s cost
*216 KENNON, J., not participating.