ELLIS, Justice.
This is a suit on a note made by the defendant, payable to the. order of “myself” and by her endorsed in blank in the amount of $341.25, payable in fifteen installments of $22.75 each, beginning on November 6, 1948.
Plaintiff alleged that it was “the holder and owner for valuable consideration”, and that the note was matured by the non-payment of the January 6, 1949 installment.
To this petition the defendant filed an exception of vagueness in that the petition did not set forth with particularity the amount that had been paid on the note nor the dates the payments were made, and, secondly, that the petition did not set forth when plaintiff acquired the note, from ■whom, and how much was due on the note at the time plaintiff acquired same. -
In response to the exception of vagueness the plaintiff amended its petition and alleged that only $45.50 had been paid on the note, being $22.75 paid on November 5, 1948, $17.75 paid on December 5, 1948, and $5 ‘ having been paid on October 3, 1952. It further set forth that plaintiff acquired the note on September 8, 1952 from the Contract Acceptance Corporation, New Orleans, Louisiana, at which time there was $300.75 due'on the note.
The defendant generally denied the petition except by admitting only that plaintiff was the holder of the note and set up that if plaintiff paid valuable consideration for the note it was purchased by plaintiff during the year 1952, long after the maturity date stipulated on said note, thus making plaintiff holder for value of the said note and not a holder in due course. It further set up payment during the year 1949 and that inasmuch as plaintiff was only a holder for value, after maturity payment would constitute a bar to.his recpvery.
■ Defendant further, in the.alternative, answered that she'was .never delinquent in the payments on the note and made payments regularly until September 1950 at which , tifne the original payee, George Strickland, Jr., with whom she maintained an open account, informed her that he was going to file bankruptcy proceedings and could not *338 accept any more payments from her until same had been completed.
The defendant further in the alternative plead that shortly after plaintiff obtained the note demand was made upon defendant for payment and that she went directly to plaintiff’s office and made an agreement through plaintiff’s president and manager whereby she was to pay and plaintiff was to accept the sum of $5 every two weeks on the. claim until such time as it was paid in full. The defendant paid regularly for a period of several months in the manner suggested above and plaintiff accepted such payments until October 17, 1952, at which time plaintiff refused to accept the money explaining that they wished the entire balance and, therefore, filed suit.
The defendant therefore prayed for the rejection of plaintiff’s demand at plaintiff’s cost, and in the alternative, should the court find that plaintiff was entitled to collect on the note, that there be judgment rendered in favor of the defendant against the plaintiff giving full force and effect to the agreement relative to paying the claim off at the rate of $5 every two weeks.
The case was tried and the City Judge rendered judgment with written reasons in favor of the defendant and against the plaintiff, dismissing plaintiff’s suit at its cost. From this judgment the plaintiff has appealed.
The case was tried and the testimony of the witnesses was not taken by a stenographer or a Clerk of the City Court and is, therefore not available.
The Clerk of the City Court certified to a true copy of the minutes of the City Court of the City of Baton Rouge, Louisiana. There was no agreed statement of facts as provided by Article 602 of the Code of Practice, nor a statement of facts by the Judge as provided under Article 603. Under Article 601 of the Code of Practice, either party may require the Clerk to take down the testimony in writing, however, this was not done.
In the case of Williamson v. Enterprise Brick Co., Inc., 190 La. 415, 182 So. 556, 558, the Supreme Court with Chief Justice O’Niell as its organ reversed a judgment of the Court of Appeal which remanded the case for trial de novo, where the testimony had not been taken down in writing by a stenographer or a clerk of court, nor an agreed statement of facts under Article 602, C. P. made, nor a statement by the Judge as provided under Article 603, C. P. The Supreme Court in reversing the Court of Appeal and sustaining a motion to dismiss stated:
“Our opinion, however, is that the only appropriate method by which a litigant may enforce his right, in an ap-pealable case, to have the testimony taken down in writing, if the judge refuses to enforce it, is to ask the appellate court to issue a mandamus in aid of its appellate jurisdiction, or to invoke the general supervision and control which the supreme court has over the other courts. If the litigant in such a case submits to a trial of the case without the testimony being taken down — even though he submits under protest — he knows that if he appeals from the final decision of the case on its merits it will be impossible for the appellate court to consider the merits of the case unless he, the appellant, obtains from the appellee or his attorney, or from the presiding judge, a statement of the facts that were proved— as provided in articles 602 and 603 of the Code of Practice. The only relief that could be hoped for, from the appellate court, by a litigant whose case depends upon verbal testimony, and who goes to trial without having the testimony taken down, and intends not to avail himself of articles 602 and 603 of the Code of Practice if he appeals from the final judgment, is to have two trials instead of one trial of the case on its merits in the court of original jurisdiction. If the record filed in an appellate court does not contain a transcript of the testimony, or a statement *339 of facts agreed to by the parties or furnished by the judge, and the correctness of the judgment appealed from depends upon the verbal testimony that was heard, the appellate court must dismiss the appeal. Cooley v. Broad, 29 La.Ann. 71.”
In Chelette v. Roberts, 185 So. 678, the Court of Appeal, Second Circuit, followed the Williamson case, supra, where the facts were the same. Also in Campbell v. Marshall, La.App., 28 So.2d 296, the ruling of the Williamson and Chelette cases, supra, were followed where the record filed therein contained no transcript of testimony nor statement of facts agreed to by parties or furnished the trial judge, and correctness of judgment appealed from depended on the verbal testimony heard.
In the case of Hydrotex Industries, Inc., v. Cartwright, La.App., 45 So.2d 93, 94, with Judge Taliaferro as organ of the Court, it was stated:
“Either party to a suit has the right (in cases appealable) to require the Clerk of Court to take down the testimony adduced on trial thereof. Article 601. And, when this is not done, the party intending to appeal ‘must require the adverse party or his advocate, to draw, jointly with him, a statement of facts proved in the cause/ to be used on appeal. Article 602. And when the parties cannot agree on the statement, then either has the right to request the Court to make such statement which shall serve on appeal. Article 603. It is conceded that neither of said courses was pursued in the present case.
“The general rule has been announced in many cases that in these circumstances the appeal will be dismissed. See: Williamson v. Enterprise Brick Company,. Inc., 190 La. 415, 182 So. 556; Durke & Broussard v. Crane, 112 La. 156, 36 So. 306; Chelette v. Roberts et al., La.App., 185 So. 678; Campbell v. Marshall, La.App., 28 So,2d 296.
“But, there is an exception to this general rule, as there is to almost every rule. It is to be found in the Williamson, case, supra. The Court therein, in effect, said that if the provisions of either of Articles 601, 602 or 603 of the Code of Practice have not been availed of 'and the correctness of the judgment appealed from depends upon the verbal testimony that was heard, the appellate court must dismiss the appeal/ (190 La. 415, 182 So. 558.) The converse of the rule is that if the correctness of the judgment does not depend upon the testimony heard, the appeal does not necessarily have to be dismissed, but should be adjudged. Parish of St. Martin ex rel. Baker v. Delahoussaye, 30 La.Ann. 1092. We believe this the situation in the case before us.”
Our brethren of the Second Circuit in Richards v. Riddle, La.App., 58 So.2d 214, 216, reiterated the doctrine laid down in the Williamson case, supra, however, on rehearing but upon a recitation by the defendant-appellant “that the statement of facts as filed in the 'record was agreed upon by the parties but through inadvertence had not been signed by counsel”, remanded the record for purpose of correction.
In Kenabrew v. Schneider, La.App., 45 So.2d 555, 556, the official court stenographer had either lost, mislaid or destroyed her notes of testimony taken on the trial and the plaintiff had filed a motion to remand for trial de novo in order for the retaking of the testimony. The defendant filed a motion to dismiss the appeal based upon the Williamson and Chelette cases, supra, and Cooley v. Broad, 29 La.Ann. 71, however, this coitrt with Judge Fruge as Judge ad hoc, held:
“We are frank to admit that the above authorities made a great impression on us initially, but upon further consideration we have come to the conclusion that we should remand this case in order that the trial may be had de novo. We do not believe that it is ap *340 pellant’s fault that the stenographer 'in this case failed to transcribe the notes of evidence. The case of Dreher v. Guaranty Bond & Finance Co., Inc., et al., 188 La. 421, 177 So. 259, is applicable here. We quote the syllabus: ‘Where stenographic notes of evidence had not been transcribed and stenographer who took testimony had left state and had lost his stenographic notes and absence of testimony was not attributable to appellant, judgment was required to be reversed and case remanded for new trial (Code Prac. art. 906).’
“Also the earlier case of Duprat v. Powell, 162 La. 859, 111 So. 259, being another Supreme Court case. In the Duprat case the court stenographer had died before transcribing the evidence and the Supreme Court remanded the case for trial de novo. * * * ”
In the case of Sanders v. Wyatt, 187 La. 80, 174 So. 161, 162, the Supreme Court had granted writs from a judgment of the Court of Appeal, 170 So. 519, 171 So. 431, which sustained a motion to dismiss plaintiff’s appeal, on the theory that the transcript was not filed within the return day. The Supreme Court found, as was admitted by the Court of Appeal, that an incomplete record was actually delivered for filing to the Clerk of the Court of Appeal long before the expiration of the return day. The Supreme Court in this case stated:
“It is well settled, as stated in the opinion of the Court of Appeal, that (170 So. 519, 521) : ‘There is quite a difference in the situation where no part of the transcript has been filed on the return day, or within the three days of grace, and where , aw incomplete or defective transcript has been filed. In the former case, the appeal has never been lodged in the appellate court, but in the latter case the appeal has been filed but an incomplete or insufficient transcript has been brought up. In the latter case the appellant can avail himself of the provisions of article 898 of the Code of Practice and of Act No. 234 of 1932 to have the record ■ completed during which time his appeal is preserved. But in the former case, where no record at all is. filed and where no extension for filing, same has been granted, the appeal is dismissed. Gibson v. G. Dounson, Inc., et al., La. App., 147 So. 370.’
“It is provided in Act No. 234 of 1932, § 1: ‘That whenever an appellant files an incomplete transcript * * * no appellate court shall maintain said motion to dismiss, or dismiss the appeal, unless it first allow to the appellant at least two additional days, exclusive of Sundays and holidays, to cure and correct any and all the in-formalities and irregularities alleged and complained of in the motion to dismiss; and such appellant may, before the date on which the motion to dismiss is fixed for trial, cure and correct any objection, irregularity or informality charged or alleged to exist in the motion to dismiss, and if it appears to the appellate court that he has done so, the motion to dismiss shall be denied.’ ”
In Nunez v. Serpas, 198 La. 415, 3 So.2d 673, the defendants-appellees filed a motion to dismiss the appeal in the alternative on the ground “that the transcript is fatally defective because the note of evidence is not included therein.” In this case the stenographic record of the evidence had not been filed by the stenographer but instead a statement of facts that had been prepared by the Clerk of Court was made a part of the transcript. Affidavits were made by the stenographer and the Clerk of Court. The stenographer stated that the transcript of testimony was never made up because the plaintiffs and appellants, finding it would be too expensive, preferred to insert in the record a statement of facts prepared by the Clerk of Court. The Clerk of Court in his affidavit stated that the statement of facts filed by him was signed by the appellants and included in the record instead of the stenographer’s note of evi *341 dence at the direction of the appellants.The Supreme Court through Chief Justice-Fournet held:
“In support of their alternative ground, the appellees rely principally on the case of Cooley v. Broad, 29 La. Ann. 71, which held that an appeal will be dismissed where the transcript contains neither a note of evidence nor a statement of facts agreed on by the parties or made up by the judge of the lower court.
“Of course, the holding in the Cooley case is now subject to the provisions of Act No. 234 of 1932 that ‘Whenever an appellant files an incomplete transcript.,. * * * ivhenever because of any error on the part of the Clerk of Court * * * a motion to dismiss his appeal is filed * * * by an ap-pellee, * * * charging and setting forth as grounds for dismissal any of the above reasons, no appellate court shall maintain said motion to dismiss, or dismiss the appeal, unless it first allow to the appellant at least two additional days, exclusive of Sundays and holidays, to cure and correct any and all the informalities and irregularities alleged and complained of in the motion to dismiss * * (Italics ours.)
* * * * * *
“While we do not dispute the correctness of the allegations in these affidavits, we cannot determine the issue. thus raised by these ex parte statements. We must, therefore, grant the appellants additional time in which to-complete the record in this case.
“For the reasons assigned, the appellants are ordered to complete the record by filing here the transcribed notes of evidence within twenty days from the date this judgment becomes final, and, in the event of their failure to comply with this order, the appeal will be dismissed, at appellants’ cost.”
It is interesting to note that Chief Justice O’Niell in the Williamson case, supra, relied upon the holding of Cooley v. Broad, supra. An examination of the Cooley case will reveal the following statement as to what the record contained: ' '
“But when we open the record to examine it, as we are bound to do under that certificate, we find nothing which ‘gives us knowledge of the matters argued or contested below.’ We find therein certain pleadings and copies of contracts, notes, protests, and other papers. But we find no note or memorandum showing which,-if any, of these various documents -were offered as. evidence ' on --the trial below, "or received or considered by the Court. We find no ‘statement of the facts proved in the cause,’ made either by the parties, and advocates , or the judge. We find no special verdicts, bills of .exception, or assignment of,error.”
The appeal was accordingly dismissed.
It is clear in the above cited case that there was á partial or incomplete record and it is now well settled that under Act 234 of 1932, LSA-R.S. 13:4433 as held in the Serpas case, supra, that the appeal cannot be dismissed but instead the appellants are allowed additional time to cure and correct any-and''all the, informalities and irregularities, .that is, to complete the record: See Serpas v. Trebucq, La.App., 1 So. 2d 346:. Wren v. Brock, 198 La. 1026, 5 So.2d 323.
In Wilson Gold Stamping Mach. Co. v. Webb, Hardware & Furniture Co. Ltd., La. App., 45 So.2d 639, the Court stated that an. examination of the transcript disclosed it to: be. so incomplete that it did not feel that it co’uld intelligently pass upon the merits of the case as the record contained a mass of exhibits apparently tendered by both plaintiff and defendant but which had no indication on the exhibits themselves or in the minutes as to whether any or all of the exhibits were properly offered and received in evidence. The same was true of the depositions of two witnesses on behalf of the plaintiff, and it further appeared that although certain oral testimony had *342 been taken on the trial of the case, the record did not contain either a note of such evidence or a statement of facts agreed on by the parties or made up by the judge of the lower court. Under this set of facts our brethren of the Second Circuit held:
“Under the old rule the appeal in this case would be subject to dismissal, but in the case of Nunez v. Serpas, 198 La. 415, 3 So.2d 673, the Supreme Court held that this rule has been modified by the provisions of Act No. 234 of 1932, which, in effect, provides that a court shall not dismiss an appeal.unless it first allows to the appellant a period of time within which to cure and correct the informalities and irregularities existing in the transcript.
' “Accordingly the appellant is ordered to complete the record:
“(a). By proper official certification identifying the exhibits tendered and received in evidence by the respective parties;
“(b). By similar proper showing as to the interrogatories of plaintiff’s witnesses ; and,
“(c). By the preparation and insertion in the record of a statement of facts agreed on by the. parties or made up by the Judge of the lower court as to the testimony of such witnesses as were heard on trial of the case.
“Appellant is allowed a period of twenty-days from the date this judg- ' ment becomes final within which to complete the record in accordance with the above instructions, * *
It therefore appears from the authorities heretofore examined that where the transcript is totally devoid of any note of evidence either taken down by a stenographer or by a Clerk of Court, and contains no agreed statement of facts or statement by the Judge and no other offerings, the appeal must be dismissed unless it is such a case as may be decided without such evidence. However, if the iecord contains any documents introduced on the trial or also documents which were introduced but are missing from the record and apparently in possession of the lower court, then the record may be said to be incomplete and the appeal cannot be dismissed and the case must be remanded for the purpose of completing the record.
In the case under consideration, we have the note in question, and also introduced as P. 1 is a written document showing the acquisition of the note sued on by the plaintiff herein, from the Contract Acceptance Corporation on September 8, 1952.
In the present case the lower court found, as a matter of fact, from the oral testimony that the note had been paid, and although counsel for defendant states that plaintiff does not dispute this fact, we do not find in the record or the plaintiff’s brief where they admitted same, and, therefore, consider proof of payment at issue.
The record contains no transcript of the testimony or a statement of facts agreed to by the parties or made by the court at the request of either party, C.P. Arts. 601, 602, 603, and the correctness of the judgment depends upon the verbal testimony. This court could not decide this case without remanding it and having the case retried. It appears to be a case which falls in the same category as Brady v. Schexnayder, 54 So.2d 650 in which the Orleans Court of ’ Appeal dismissed the appeal because thé transcript of appeal was in such shape that it was impossible to pass upon the merits of the controversy as the testimony of witnesses who testified before the trial judge was not reduced to writing and the record therefore contained no transcript of the testimony nor did it contain a statement of facts agreed to by the parties or made by the Court at the request of either party, and the correctness of the judgment depended upon such verbal testimony. The appellants urged that the case be remanded for the completion of the record and the Court answered this argument by stating: “But since to remand the case would be equivalent to forcing the Trial Court to hear it again, to the prejudice of the appellees’ *343 rights, the request is refused.” The Court accordingly dismissed the appeal.-
We are faced with exactly the same situation and the appeal in this case is hereby dismissed.