GLADNEY, Judge.
W. B. Murphy, plaintiff herein, instituted summary process in the City Court of Bossier City, Louisiana, to dispossess the defendant, Mrs. E. L. Miller, from the premises at 415 Barksdale Boulevard, Bossier City, Louisiana, alleging himself to be the lessee under a written contract of lease dated August 1, 1954. Defendant answered the petition and rule averring that respondent’s former husband, E. L. Miller, now deceased, operated a partnership with the plaintiff in a business known as “Murphy Typewriter Service” situated in the subject premises and that after dissolution of said partnership during October of the year 1954, plaintiff orally assigned said lease to E. L. Miller and it has become the exclusive property of respondent. The rule was duly tried and judgment was pronounced in favor of defendant, rejecting plaintiff’s demands, whereupon plaintiff has appealed to this court.
• The record filed in this -court contains the pleadings, judgment and certain documentary evidence tendered upon the trial, including the lease and written demand for vacating the premises. There is no transcript of testimony or agreed statement of facts. The minutes of the court recite that on January 31, 1957:
“Case called, both attorneys present in court, announced ready for trial. Judge O. E. Price presiding. Lease Agreement offered in evidence as P-1. Registered letter and Return Receipt offered in evidence as P-2. Judgment to be rendered February 4, 1957.
“Letter of Citation filed by attorney for plaintiff February 3, 1957.”
From the court minutes we cannot determine whether testimony was taken in the case. It is asserted, however, in appellee’s brief filed herein, and de hors the record, that evidence was brought out on the trial to establish the oral assignment of the lease unto appellee’s husband, after whose death the defendant continued to occupy the premises where she operated the business and paid rent to the lessors.
As the- record is so made up it is impossible for this court to intelligently review the evidence submitted to the trial court. The appeal in this case, we think should be governed by the ruling in the case of Nunez v. Serpas, 1941, 198 La. 415, 3 So.2d 673, wherein it was held that under the provisions of Act No. 234 of 1932 an appellate court should not dismiss an appeal unless it first allows to the appellant a period of time within which to cure and correct the informalities and irregularities existing in the transcript. See also Wilson Gold Stamping Machine Co. v. Webb Hardware & Furniture Co., Ltd., La.App.1950, 45 So.2d 639; and Hotel Donaldson Co., Inc., v. Anderson Hotels of Louisiana, Inc., La.App.1954, 75 So.2d 884. Cf. American Adjustment Co., Inc., v. Batiste, La.App. 1955, 79 So.2d 337.
The statute referred to is now incorporated in Code of Practice Article 898.1 and LSA-R.S. 13:4433, the pertinent portion of which reads:
“Whenever an appellant files an incomplete transcript, * * * whenever because of any error on the part of the clerk of court * * * a motion *565 to dismiss his appeal is filed * * * by an appellee, * * * charging and setting forth as grounds for dismissal any of the above reasons, no appellate court shall maintain said motion to dismiss, or dismiss the appeal, unless it first allow to the appellant at least two additional days, exclusive of Sundays and holidays, to cure and correct any and all the informalities and irregularities alleged and complained of in the motion to dismiss * *
Accordingly, the appellant is ordered to complete the record by incorporating therein the transcript of testimony, if any, adduced upon the trial of the case or by the preparation and insertion in the record of a statement of facts agreed on by the parties or made up by the judge of the lower court as to the testimony of such witnesses as were heard on the trial of the case, as provided for in Articles 601-603 of the Code of Practice.
Appellant is allowed a period of twenty days from the date this judgment becomes final within which to complete the record in accordance with the above instructions and in the event of his failure to comply with this order, the appeal will be dismissed at appellant’s cost.