PILIE
vs.
STEWART.

PILIE vs. STEWART.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT, JUDGE
BUCHANAN PRESIDING.

The defendant's counsel may require the clerk, on the cross-examination of the *first witness*, to take down his answer in writing, even when neither party desired it at the commencement of the examination.

Where the judge refused to allow the testimony to be taken down in writing by the clerk, after the examination of witnesses had commenced, judgment was reversed, and a new trial awarded.

This case comes up on the following bill of exceptions:

On the trial, a witness for the plaintiff was called and examined in chief. He was delivered over to the counsel of the defendant, who propounded a question and desired the clerk to take down the answer in writing. The judge interposed, and decided that the testimony could not be taken in writing, as neither party had desired it at the commencement of the examination. The defendant's counsel observed, that he was under the belief that the testimony in chief had been taken down, and the plaintiff's counsel made no objection to taking the testimony in writing.

The court stated it was the uniform practice for the party who desired the testimony to be taken down in writing, to apply to the clerk for that purpose, when the evidence was commenced. The defendant's counsel excepted to this opinion of the court.

From judgment for the plaintiff, the defendant, after an unsuccessful effort to obtain a new trial, appealed.

*Benjamin,* for the plaintiff, insisted that the bill of exceptions could not be sustained. It was the duty of the defendant to see that the testimony was taken in writing, if he wishes to appeal. The judge could not order it *ex-officio.* 6 *Louisiana Reports,* 129. It was, therefore, incumbent on the defendant to require it; and if he failed to do so, even through mistake, he had the right, after the examination of the witness was closed by plaintiff, to require of the court to have the same examination renewed and reduced to writing; his remedy was clear. He might have required a statement of facts, which he neglected to do, before taking his appeal, and this neglect shows clearly that his object was delay, and not to have the merits of his case submitted to the court. *Code of Practice,* 601 *et seq.*

*Worthington, contra.*

*Eustis, J.,* delivered the opinion of the court.

On the trial of this cause, the counsel for the defendant, on the cross-examination of the first witness, requested the clerk to take down in writing the answer of the witness to the first question propounded by the counsel for the defendant. The judge decided that the testimony could not be taken in writing, as neither counsel desired it at the commencement of the examination. The counsel for the defendant declared, that he was under the belief that the testimony in chief had been taken down in writing. The counsel for the plaintiff made no objection to the request of the counsel for the defendant, to have the testimony reduced to writing.

Notwithstanding our indisposition to interfere with the discretionary power of inferior courts, as to the manner in which causes are to be conducted before them, we think that we are bound to give the party relief in the present case. The application was made as soon as the first witness of the plaintiff, sworn in this cause, was under cross-examination-

by the defendant's counsel, and we think, (particularly as the opposite counsel made no objection,) that the judge erred in refusing the application of the counsel to have the answer of the witness reduced to writing.

Judgment reversed, and cause remanded for further proceedings, according to law.