(111 So. 259)

No. 27753.

## DUPRAT v. POWELL.

(Jan. 3, 1927.)

*(Syllabus by Editorial Staff.)*

Divorce ⬅186—On death of court stenographer before transcribing evidence, separation case may be remanded for trial de novo (Code Prac. art. 906).

Under Code Prac. art. 906, on death of court stenographer before transcribing evidence in suit for separation from bed and board, case may be remanded on motion for trial de novo, so that evidence may be taken down and brought to Supreme Court.

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Judge.

Suit by Leontine Duprat against John Powell for separation from bed and board. From a judgment for plaintiff, defendant appeals. Judgment set aside, and case remanded for trial de novo.

Woodville & Woodville, of New Orleans, for appellant.

Bond, Curtis & Hall, of New Orleans, for appellee.

ST. PAUL, J. Plaintiff, a wife, sued defendant, her husband, for a separation from bed and board. There was judgment below in her favor, and defendant appealed.

### I.

Pending the preparation of the transcript of appeal, and before the stenographic note of the evidence taken on the trial had been transcribed, the stenographer by whom said evidence had been taken down departed this life. Hence the transcript contains no note of evidence, and is therefore incomplete, but without fault attributable to the appellant.

Appellant therefore moves to remand the case for a trial de novo; to the end that the evidence may be taken down and brought to this court for inspection and consideration.

### II.

We think appellant is entitled to such relief. The Code of Practice provides as follows:

"Art. 906: But if the [Supreme or appellate] court shall think it not possible to pronounce definitively on the cause, in the state in which it is, either because the parties have failed to adduce the necessary testimony, or because the inferior court refused to receive it, *or otherwise*, it may, according to circumstances, remand the cause to the lower court, with instructions as to the testimony which it shall receive, to the end that it may decide according to law."

And in Rhodes v. Cooper, 113 La. 600, 37 So. 527, this court held that under this article the appellate court has authority to remand any case when the condition of the record is such, in its opinion, as will not enable it to pass upon the issues submitted to it intelligently and with justice to all parties.

Hence, where evidence taken in the trial of a case and necessary for a decision thereof, had been destroyed by fire without fault on the part of the appellant, this court set aside the judgment and remanded the case for a trial de novo. Miller v. Shotwell, 38 La. Ann. 103.

Hence also the judgment was set aside and the case remanded for a trial de novo where the testimony had been lost (Martinez v. R. R. Co., 23 La. Ann. 28; Lyons v. Andrews. 5 La. Ann. 602; Evins v. Murphy, 11 Rob. 477), or where by reason of the death or neglect of the trial judge no statement of facts could be obtained. Dolliole v. Azenia, 3 La. 360; McDaniel v. Insall, 7 La. 245; Porter v. Dugat, 9 Mart. (O. S.) 121.

### Decree.

The judgment appealed from is therefore set aside, and the case is now remanded for trial de novo.