182 So. 556

## WILLIAMSON v. ENTERPRISE BRICK CO., Inc.

No. 34817.

May 30, 1938.

Rehearing Denied June 27, 1938.

Wood & Wood, of Leesville, for applicant.

Hawthorn, Stafford & Pitts, of Alexandria, for respondent.

O'NIELL, Chief Justice.

This is a suit for compensation under the Employers' Liability Act, Act No. 20 of 1914. The plaintiff sued on behalf of his minor son, for 65 per cent of his weekly wages, of $4.75, for 20 weeks, for an injury necessitating the amputation of the middle finger of his right hand. The plaintiff claimed also reimbursement for $44.60 for the amount charged by the surgeon and the hospital. The total amount sued for, therefore, was $116.35. The defendant denied that the plaintiff's son was ever employed by the company. The amount in contest being more than $100, the case was appealable to the court of appeal. When the case was called for trial in the district court, the clerk of court informed the attorneys that there was no court stenographer employed under the provisions of Act No. 64 of 1900, and that he, the clerk, could not take down the testimony in writ-

ing, and had no deputy who could perform the service, nor fund with which to employ a stenographer. The suit was being prosecuted in forma pauperis under the provisions of Act No. 156 of 1912, as amended by Act No. 260 of 1918 and Act No. 165 of 1934. The attorney representing the defendant asked the judge to require the clerk of court to take down the testimony in writing. The minutes of the court show that the judge then ordered the clerk to be sworn, and, the clerk having testified under oath that he was unable to take down the testimony and had no one in his employ capable of performing the service, the judge denied the request of the attorney for the defendant. The attorney excepted to the judge's ruling, and went to trial under protest against the clerk's failing to take down the testimony. The testimony of several witnesses was heard on the trial but was not taken down in writing. The judge gave judgment for the plaintiff for the amount sued for. The attorney for the defendant appealed to the court of appeal, but did not ask the attorney representing the plaintiff to agree upon a statement of the facts that were proved, or ask the judge to furnish a statement of facts. When the record had been filed in the court of appeal the attorney representing the appellant filed a motion to have the judgment appealed from set aside and the case remanded for a new trial, so that the testimony to be heard again might be taken down in writing. The attorney representing the appellee moved to dismiss the appeal, on the ground that the appellant had not asked for an agreement

upon the facts that were proved, nor asked the judge for a statement of the facts, and hence that it was impossible for the court of appeal to consider the merits of the case. The court of appeal overruled the motion to dismiss the appeal, and sustained the appellant's motion, and remanded the case for trial de novo. Williamson v. Enterprise Brick Co., La.App., 178 So. 197. The appellee has brought the case here on a writ of review.

We agree with the court of appeal that it was the duty of the clerk of the district court to take down the testimony in writing, or to have a deputy or an official stenographer to render the service. Any party to a suit in which there is a right of appeal has the absolute right to have the testimony taken down in writing. Code of Prac. art. 601; Bowman v. Janes, 6 La. 124; Pilie v. Stewart, 13 La. 364; Cooley v. Broad, 29 La.Ann. 71. Article 601 of the Code of Practice provides that on the trial of any case in which there is a right of appeal "Either party may require the clerk to take down the testimony in writing, which shall serve as a statement of facts if the parties should not agree to one." Article 602 provides that if the testimony has not been taken down in writing the party intending to appeal from the final decision of the case must call upon the adverse party or his attorney for an agreement upon the facts that were proved; and article 603 provides that if the parties do not agree upon the statement of facts the judge shall furnish the statement, either according to his memory or from the notes that he has taken of the evidence.

The fact that a case is being prosecuted in forma pauperis does not exempt the clerk of court from his duty to take down the testimony in writing, or to have it taken down by a deputy or a stenographer. It is provided in Section 1 of Act No. 156 of 1912, as amended by Act No. 260 of 1918, that the right to litigate in forma pauperis, including the right to prosecute an appeal without advancing the costs or giving a bond, shall extend to all of the services required by law of the clerks of court, sheriffs, court stenographers, witnesses, and even to the services of jurors in cases where the law allows a trial by jury and where one of the litigants asks for a jury trial. In fact, in this section of the act, it is declared that the right to litigate in forma pauperis extends to the obtaining of copies of notarial acts, and certificates of public officers in reference to their official records. There is a proviso in this section of the act to the effect that a public officer shall not be required "to incur any cash outlay". But that does not mean that a court official of whom the law requires a certain service to be rendered is not obliged to incur the expense of employing some one to render the service for him if he is incapable of rendering the service himself.

Our opinion, however, is that the only appropriate method by which a litigant may enforce his right, in an appealable case, to have the testimony taken down in writing, if the judge refuses to enforce it, is to ask the appellate court to issue a mandamus in aid of its appellate jurisdic-

tion, or to invoke the general supervision and control which the supreme court has over the other courts. If the litigant in such a case submits to a trial of the case without the testimony being taken down—even though he submits under protest—he knows that if he appeals from the final decision of the case on its merits it will be impossible for the appellate court to consider the merits of the case unless he, the appellant, obtains from the appellee or his attorney, or from the presiding judge, a statement of the facts that were proved—as provided in articles 602 and 603 of the Code of Practice. The only relief that could be hoped for, from the appellate court, by a litigant whose case depends upon verbal testimony, and who goes to trial without having the testimony taken down, and intends not to avail himself of articles 602 and 603 of the Code of Practice if he appeals from the final judgment, is to have two trials instead of one trial of the case on its merits in the court of original jurisdiction. If the record filed in an appellate court does not contain a transcript of the testimony, or a statement of facts agreed to by the parties or furnished by the judge, and the correctness of the judgment appealed from depends upon the verbal testimony that was heard, the appellate court must dismiss the appeal. Cooley v. Broad, 29 La.Ann. 71.

The judgment rendered by the court of appeal, remanding this case for trial de novo, is set aside, and the appeal to the court of appeal is ordered dismissed at the cost of the appellant.