## CHELETTE v. ROBERTS et al.

No. 5859.

Court of Appeal of Louisiana. Second Circuit.

Jan. 10, 1939.

Joel L. Fletcher, of Colfax, for appellant.

Overton, McSween & Overton, of Alexandria, and James H. Williams, of Colfax, for appellees.

TALIAFERRO, Judge.

L. Roten Chelette, as tutor and on behalf of his minor son, Dowling W. Chelette, sues to recover workmen's compensation alleged to be due the boy on account of disability resulting from an injury received by him while performing services arising out of and incidental to his employment with defendant, N. D. Roberts, whose business, it is alleged, is of a hazardous character.

Plaintiff's demands were rejected below and he has appealed.

Appellees moved to dismiss the appeal on the ground that the record does not contain the evidence introduced on the trial of the case. Appellant parries with a motion to remand "for a new trial with opportunity to plaintiff to produce or substitute by agreement the oral testimony in this case, that justice may be done."

It seems clear that the testimony adduced on the trial of the case was not reduced to writing nor taken in stenographic form by the Clerk or one of his deputies. Although litigating in forma pauperis, plaintiff had the legal right to demand that the testimony be taken in such form as to be incorporated in the record in the event of appeal. Section 1 of Act No. 156 of 1912, as amended by Act No. 260 of 1918; Williamson v. Enterprise Brick Company, 190 La. 415, 420, 182 So. 556.

It does not appear that he availed himself of the benefit of this law. To

remand the case, for the reasons assigned by appellant, would be the equivalent of allowing him two trials, which is not permissible in view of the record facts. He has had his day in court.

This case falls squarely within the rule enunciated in Williamson v. Enterprise Brick Company, supra, wherein it was held [page 557]:

"The appellate court must dismiss appeal, where record filed therein contains no transcript of testimony or statement of facts, agreed to by parties or furnished by trial judge, and correctness of judgment appealed from depends on verbal testimony heard. Code Prac., arts. 601–603."

For the reasons herein assigned, the motion to dismiss is sustained and the appeal dismissed, at appellant's cost.