From a judgment in favor of defendant dissolving a writ of sequestration sued out by plaintiff and awarding $250 damages as attorney's fees, plaintiff prosecutes this appeal. A motion to dismiss the appeal has been filed by defendant, which motion sets forth six reasons in support thereof.
The reasons advanced by defendant in support of his motion to dismiss are all comprehended by the contention that the record does not contain any transcript of the testimony taken on trial, nor any statement of facts either by joint agreement of counsel or by the judge of the trial court.
An examination of the record discloses the unquestionable correctness of the facts upon which the motion to dismiss the appeal is based. There is no transcript of testimony; nor is there any agreed statement of facts; nor is there any statement by the Court; nor, indeed, is there any evidence of any attempt to procure any one of these evidences of testimony or any explanation as to why any such form is omitted from the record.
Under the circumstances we are of the opinion that the disposition of this motion may be determined under the pronouncements of this Court in a case in which the facts were analogous, namely, Chelette v. Roberts, et al., La. App., 185 So. 678.
In the above cited case Judge Taliaferro, as the organ of this Court, referred to the holding in Williamson v. Enterprise Brick Co., 190 La. 415, 182 So. 556, quoting the following extract therefrom: "The appellate court must dismiss appeal, where record filed therein contains no transcript of testimony or statement of facts, agreed to by parties or furnished by trial judge, and correctness of judgment appealed from depends on verbal testimony heard. Code Prac., arts. 601-603." [185 So. 679.]
It is contended by learned counsel for plaintiff that the appeal in the instant case should not be dismissed but rather that the case should be remanded to the lower court for further proceedings in the event the record before us on appeal should be found so incomplete as to fail to provide sufficient information upon which to base an opinion as to the merits of the appeal.
We cannot subscribe to this contention. The point involved herein does not concern the incompleteness of the record, but rather a failure to conform to the provisions of law prescribing the several modes by *Page 297 
which testimony of witnesses may be made a part of the record on appeal.
To remand this case would be equivalent to forcing the trial court to hear again the same matter which it has already determined, to the prejudice of the prevailing party.
For the reasons set forth, we find the motion to dismiss the appeal to be well grounded, and, accordingly, it is ordered that the appeal be dismissed at plaintiff's cost.