FRUGE, Judge ad hoc.
Plaintiff filed suit against Mrs. Louise Manion Schneider and her husband, Claude Schneider, to recover for tutoring of their minor child. The husband, .defendant Claude Schneider, filed exceptions which were maintained as to him. Defendant answered alleging that her husband had agreed to pay for the education of the children, furnish them with wearing apparel and give them each $50.00 per month for incidental expenses. She ffirther urged that on the trial for separation filed by her against her husband he agreed to pay for the education which was recognized by the Supreme Court of Louisiana in its decision affirming alimony.
The record does not contain any transcript of the testimony taken on the trial nor is there any statement of facts either by joint agreement of counsel or by the judge of the trial court. The trial judge rendered judgment dismissing plaintiff’s suit against the defendant, Mrs. Schneider, ■for .reasons orally assigned and for the written reason “that the obligation was an obligation of the community and not of the wife.” Plaintiff appeals.
In this court plaintiff has filed a motion to remand for a trial de novo in order to secure the retaking of the testimony. She alleges in her motion to remand that the official court stenographer has either lost, mislaid, or destroyed her notes of the testimony taken at the trial.
*556 Defendant, Mrs. Schneider, has filed a m.otion in this Court to dismiss the appeal. She contends that we cannot .entertain this appeal, f.or the;reason that the-.r.ecord does not contain any transcript of the testimony taken on the trial on the merits, and for the further reason that the record1 is devoid of a joint statement of the facts by the attorneys or a statement by the Trial Judge. She relies on the following authorities :
Code of Practice, 'Article 602 reads: “When the deposition of witnesses have not been taken in writing in the inferior court, the party intending to appeal, or his advocate, must require the adverse party or his advocate, to draw, jointly with him, a statement of the facts proved in the cause, and this statement thus drawn and signed, either by the ' parties ' or their advocates, shall be annexed to the records, and a transcript of the same transmitted to the Supreme Court.”
Code of Practice, Article 603 reads: “If the adverse party, when required to do so, refuse to join in making . out the statement of facts, or if the parties can not agree •as to the rq-anner.of drawing the same, the court, ^t, the request of either, shall make such statement according to their recollection of • the facts,- or from the notes they have taken of the evidence.” .
“To remand the case, for the reasons assigned by appellant; would be the equivalent of. allowing .him. two trials, which is not permissable .in ■ view of .the record facts. He-has had his,day in court” Chelette v. Roberts, La.App., 185 So. 678.
“ * * * The only relief that could be hoped for, from the appellate court, by a litigant whose case depends upon verbal testimony: and who goes to trial without having the testimony -taken down, and intends not to- avail himself of articles 602 and 603 of the Code of Practice if he- appeals from the final judgment, is to have two trials, instead of one trial of the case on its merits in the court of-original jurisdiction. If the record filed in an appellate court does not ¡contain a transcript, of the testimony, or a statement of facts agreed to by the parties or fqrnished by the judge, and the correctness of the judgment appealed from depends upon the verbal testimony that was heard, the appellate court must dismiss the appeal. Cooley v. Broad, 29 La.Ann. 71.” Williamson v. Enterprise Brick Co., Inc., 190 La. 415, 182 So. 556, 558.
We are frank to admit, that the above authorities made a great impression on us initially, but. upon further consideration we have come .to the conclusion that- we should remand this case in order that the trial may be had de novo. We do not believe .that it is appellant’s fault that the stenographer in this case failed to transcribe the notes of evidence. The case of Dreher v. Guaranty Bond and Finance Co., Inc., et al., 188 La. 421, 177 So. 259, is applicable here. We quote the syllabus: “Where stenographic notes of evidence had not been transcribed and stenographer who took testimony had left state and had lost his stenographic .notes and absence óf testimony was not attributable to appellant, judgment was required to be reversed and case remanded for new trial (Code Prac. art. 906).”
Also the earlier case of Duprat v. Powell, 162 La. 859, 111 So. 259, being another Supreme Court case. In the Duprat case the court stenographer had died before transcribing the evidence and the. Supreme Court remanded the case for trial de novo. We gather from the pleadings that the plaintiff has the unquestioned right to recover for her services — the issue is from whom ?
It does not appear from the record that counsel argued the application of the provisions of Act 283 of 1928 with respect to the emancipation of married women. Be that as it may, we believe the ends of justice would be best served by remanding this case to be tried de novo.
The judgment of the Trial Court is therefore accordingly reversed and this case is remanded to the Trial Court to be tried de novo, not inconsistent with the views expressed herein.
Remanded.