GLADNEY, Judge.
Plaintiff’s action is in tort for personal injuries allegedly received by reason of an assault and battery committed March 18, 1951. After trial there was judgment in favor of defendants rejecting plaintiff’s demands. From this judgment plaintiff has appealed.
Pending the preparation of the transcript of appeal and before the stenographic note of evidence taken on the trial had been transcribed, the court reporter departed beyond the jurisdiction of the court. The Clerk of Court placed in the record his certificate setting forth:
“That at plaintiff’s request the oral testimony offered in the above numbered and entitled cause was taken down in writing upon trial of this cause by Mrs. Zelia Pourche, Court Reporter ; that prior to transcribing her notes of the oral testimony and reducing them to typewritten form, the said Court Reporter resigned her position and moved out of the jurisdiction of the Twelfth Judicial District Court; that the present address of the said Court Reporter is unknown; that the notes of testimony taken by her in this cause were carried away by her when she moved; that it is accordingly impossible for deponent to include the transcript of testimony taken in this cause in the transcript of appeal; that deponent has conducted correspondence with the said Court Reporter in an effort to have her transcribe said testimony, to no avail.”
Hence, the transcript contains no note of evidence, and is therefore, incomplete.
When the transcript was filed in this court appellant moved to have the cause remanded to the trial court for a new trial and hearing on its merits. This motion was opposed and remand at that time was denied. Since then, however, the motion has been argued and given further consideration by this court.
*421 In opposition to the motion to remand appellees assert it was incumbent upon counsel for appellant to ask for exten-tions of time to complete the record or to secure a statement of facts from the court, neither of which acts were taken. In view of the certificate of the Qerk as to why the note of evidence was not obtained, extensions of time obviously would not have been of any assistance to appellant and, therefore, the argument is not sound. We agree with counsel that had the testimony of the witnesses not been taken down by the Court Reporter then appellant under penalty of dismissal would have been required to follow Articles 602 and 603 of the Code of Practice and file into the record a statement of facts. Taylor v. Kelly-Weber & Co., Inc., 1930, 15 La.App. 302, 131 So. 306, Williamson v. Enterprise Brick Co., Inc., 1938, 190 La. 415, 182 So. 556, and Campbell v. Marshall, 1946, La.App., 28 So.2d 296. The Codal articles referred to, however, are without application where the testimony of witnesses has been taken down in writing. Counsel for appellee has not referred us to any authority to the contrary. It has been held repeatedly that where the depositions have been taken but cannot be produced without fault attributed to the appellant, the case will be remanded in order to supplement the record in order that the appellate court can properly act on the appeal. Dauchite Lumber Co., Ltd. v. Lane & Bodley Co., 1900, 52 La.Ann. 1937, 28 So. 232; Union Garment Co., Ltd., v. Newburger, 1909, 124 La. 820, 50 So. 740; H. G. Smith & Sons v. Succession of Jenkins, 1917, 147 La. 437, 85 So. 68; Duprat v. Powell, 1927, 162 La. 859, 111 So. 259; Dreher v. Guaranty Bank & Finance Co., Inc., 1937, 188 La. 421, 177 So. 259; Kenabrew v. Schneider, 1950, La.App., 45 So.2d 555. This ruling, we think to be more consistent with justice.
It, therefore,- follows that the judgment from which appealed should be and is hereby annulled and set aside and this case is remanded to the trial court to be tried de novo, all costs, including costs of this appeal, to await the final disposition of the suit.