CULPEPPER, Judge.
This is a suit for the rentals due under a written contract of lease of immovable property. The plaintiff, Henry M. Dela-houssaye, is the lessor. The defendants, Anthony Ackal and Bryan Bailey, are the lessees. Ackal’s defense, on the grounds of a discharge in bankruptcy, was sustained, and suit against him was dismissed. Judgment by default was rendered against Bailey for the sum of $9,100. Bailey has appealed.
The issue on appeal is whether the default judgment was confirmed by sufficient proof.
LSA-C.C.P. Article 1702 reads as follows:
“A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. If no answer is filed “timely, this confirmation may be made after two days, exclusive of holidays, from the entry of the judgment of default.
“When the demand is for a sum due on an open account, an affidavit of the correctness thereof shall be prima facie proof. When the demand is based upon a negotiable instrument, no proof of any signature thereon shall be required.”
The present suit is not on an open account. Hence, the above quoted provision as to the sufficiency of an affidavit has no application. Furthermore, this is not a demand based on a negotiable instrument. Therefore, the provision dispensing with proof of signatures is also inapplicable. Proof in this case must be sufficient to establish a prima facie case, the same as if the case were tried on the merits.
Although the written lease is described in detail in plaintiff’s petition and is alleged to have been recorded in the Conveyance Records of St. Martin Parish, neither the original nor any copy of the lease is in the record of these proceedings. The only evidence which does appear in the record is an affidavit by the lessor that he entered into the lease with the two defendants and that four of the monthly rentals have not been paid.
The requirement of LSA-C.C.P. Article 1702, that the proof be sufficient to establish a prima facie case, has not been met. The written instrument of lease on which the demand is based is not in the record. Furthermore, even if the lease were in evidence, proof by affidavit would not be sufficient to prove the signatures thereon, nor the amount remaining due. Loyola University, Radio — WWL—TV Station v. Lakeside Rambler Sales, Inc., 199 So.2d 49 (La.App. 4th Cir. 1967).
Jurisprudence has established the rule that where a record on appeal from a default judgment does not contain a transcript of testimony taken at the hearing on confirmation of default nor a statement of facts by the trial court, the default judgment is presumed to have been based upon sufficient evidence. See Jenkins v. Tillman, 221 So.2d 895 (La.App. 1st Cir. 1969) and the cases cited therein. However, *113 these cases are distinguished. The present suit is based on a written contract of lease. To establish a prima facie case, it was necessary that plaintiff prove the lease. The absence of the written instrument from the record shows this was not done. See Francois v. Cloud, 149 So.2d 678 (La.App. 4th Cir. 1963) where the court held a default judgment, recognizing plaintiff as owner of realty, would not be presumed to be based on sufficient proof where no documentary evidence of title was in the record.
In oral argument before this court, plaintiff contended the lease is proved by the answer filed by the bankrupt defendant, Ackal, in which he admits the allegations as to the existence of the lease and the balance due thereon and pleads his discharge in bankruptcy. We cannot agree. Under LSA-C.C.P. Article 1702, confirmation of a default judgment must be by proof sufficient to establish a prima facie case. The admissions in the answer filed by Ackal are not binding on Bailey, are not evidence and do not constitute proof of a prima facie case as to Bailey.
The plaintiff also contended in oral argument that the affidavit of the plaintiff, filed in the record, is sufficient. This argument has no merit, for, as we stated above, this is not a suit on an open account where proof by affidavit is sufficient. This is a demand based on a written contract. A prima facie case must be proved the same as if it were being tried on the merits.
Since plaintiff may be able to prove his demand in a subsequent suit, we will dismiss this case without prejudice. LSA-C. C.P. Articles 1671, 1673, 1844.
For the reasons assigned, the judgment appealed is reversed and set aside. Plaintiff’s suit is dismissed without prejudice. All costs in the district court and of this appeal are assessed against the plaintiff appellee.
Reversed and rendered.