SAVOY, Judge.
This suit was instituted by plaintiff against defendant for insurance benefits under a health and accident insurance policy issued by defendant to plaintiff. A judgment by default was entered against defendant. The defendant has appealed.
The record reveals that on June 6, 1968, plaintiff purchased a vehicle from Radford Buick, Inc. of Lake Charles, Louisiana. Radford allowed plaintiff a certain sum for his car, and he also made a cash payment. For the balance of the purchase price, plaintiff executed a chattel mortgage in favor of Radford. He was obliged to take out a credit disability and credit life insurance policy at a cost of $209.92. Plaintiff received a certificate of insurance dated June 6, 1968.
Plaintiff suffered a heart attack on November 7, 1969. Dr. Stagg of Eunice, Louisiana, examined plaintiff twice; once on April 18, 1970, and the other time on September 15, 1970. In two short memorandums introduced in the record, Dr. Stagg found that plaintiff suffered from myocardial infarction, and determined that the plaintiff was totally disabled as of November 7, 1969.
On June 4, 1970, counsel for plaintiff wrote defendant requesting payments under the insurance certificate.
Defendant answered June 9, 1970, stating that it had received the proof of accident form on January 15, 1970, but that upon review of the case, it refused payment under the certificate because plaintiff’s attending physician, Dr. Singer, confirmed to it in writing that he had treated the claimant for acute posterior myocardial infarction from August 6, 1967, to October 15, 1967; and that the disability clause in the insuring certificate stated specifically that:
“Disabilities caused or contributed by a disease or physical condition which existed prior to the date hereof are not covered by this policy.”
On July 30, 1970, plaintiff filed suit for the unpaid installments owing to Radford, namely, 21 months at $97.17, or a total of $2,040.57; plus an additional sum of $2,-040.57 as penalties and reasonable attorney fees under LSA-R.S. 22:657.
The only document introduced in the record is entitled “Franchise Certificate”. It states that in consideration of $104.96 defendant insures plaintiff for the sum of $3,498.12 on his life which amount decreases as he makes payments on his obligation to Radford. For an additional premium of $104.96, defendant insured plaintiff against total disability, and agreed to pay him $97.-17 for not more than 36 months in the event of such disability. The policy was to be retroactive after it had been in force for thirty days. The certificate is dated June 6, 1968. Plaintiff suffered his attack and disability approximately one year after the issuance of the certificate.
Counsel for defendant argues orally and in brief that plaintiff has not made out a prima facie case under LSA-C.C.P. Article 1702 and under the case of Delahoussaye v. Ackal, 244 So.2d 111 (La.App. 3 Cir. 1971). In Delahoussaye, supra, plaintiff filed a suit against defendant to recover rental due on immovable property. However, plaintiff did not introduce the original lease or a copy thereof. This Court reversed the lower court holding that a suit *873 on a written contract affecting immovable property could not be proved by parol evidence. On April 22, 1971, our State Supreme Court granted a writ. The Dela-houssaye case, supra, is distinguished from the instant case on these facts. Here, plaintiff introduced written evidence to support his claim.
We are of the opinion that plaintiff has made out a prima facie case under LSA-C.C.P. Article 1702, and the confirmation of the default by the trial judge was correct. There are no exceptions set forth in the insurance certificate which would prevent plaintiff from recovering under the terms thereof. We are also of the opinion that the trial judge correctly awarded penalties under LSA-R.S. 22:657 since defendant did not pay the claim within thirty days from the receipt of the proof of claim. The attorney fees of $500.00 are reasonable.
For the reasons assigned the judgment of the district court is affirmed at defendant’s costs.
Affirmed.