259 So.2d 63

Henry M. DELAHOUSSAYE

v.

Anthony Henry ACKAL et al.

No. 51273.

Feb. 21, 1972.

Willis & Hardy, Earl H. Willis, St. Martinville, for plaintiff-appellant.

Plaisance & Franques, A. J. Plaisance, Lafayette, for defendants-appellees.

HAMLIN, Justice:

We directed certiorari to the Court of Appeal, Third Circuit, for review of its judgment which dismissed plaintiff's suit without prejudice and reversed and set aside the judgment of the trial court insofar as it was in favor of plaintiff and against defendant Bryan Keith Bailey. Art. VII, Sec. 11, La.Const. of 1921; 244 So.2d 111; 258 La. 354, 246 So.2d 679.

The issue presented is the sufficiency of proof required for the confirmation of a default judgment.

On January 13, 1970, Henry M. Delahoussaye instituted the present suit against Anthony Henry Ackal and Bryan Keith Bailey for rentals of $9,100.00 allegedly due on a lease described in his petition as follows:

"By deed dated March 22, 1967, recorded in Book 568, Folio 431, under Entry No. 138922 of the Conveyance Records of St. Martin Parish, Louisiana, Petitioner leased to defendants the following described property, to-wit:

"That certain lot of ground with all the buildings and improvements located thereon, situated within the First Ward of the Parish of St. Martin, on the west side of Bayou Teche, having approximately three hundred (300') feet front on U. S. Highway 90 by a depth of three hundred sixty (360') feet, more or less, and bounded on the North and East by J. Ozeme Boudreaux; on the South by Estate of J. L. Beyt; and, on the West by U. S. Highway 90.

"Said lease was for a primary term of five (5) years, beginning January 1, 1967, ending December 31, 1971, with rentals in the amount of Three Hundred Fifty and No/100 ($350.00) Dollars per month payable in advance on or before the first day of each month, with One Thousand

Fifty and No/100 ($1,050.00) Dollars paid at the time of the execution of the lease for the monthly rentals due for the months of January, February and March, 1967."

Plaintiff alleged that defendants had not paid rentals due for the months of November and December, 1969, as and when they were due, and that "in accordance with the terms of the lease, and more than thirty (30) days have elapsed since said monthly rentals were due and petitioner desires to exercise the option in his favor and claim the entire balance or remainder of monthly rentals due under this lease, being twenty-six months (26) at Three Hundred Fifty and No/100 ($350.00) Dollars per month, or the sum of Nine Thousand One Hundred and No/100 ($9,100.00) Dollars, and reserving all of his additional rights under said lease."

In answer, defendant Ackal admitted the allegations of plaintiff's petition and

averred that he had received a discharge in bankruptcy on June 7, 1968. Specifically pleading his discharge in bankruptcy, Ackal prayed for dismissal of plaintiff's suit against him.

Defendant Bryan Keith Bailey was personally served but filed no pleadings in response to plaintiff's petition prior to the entering of a preliminary default against defendants on March 18, 1970.

An extract from the Civil Minutes of the Sixteenth Judicial District Court, Parish of St. Martin, for April 6, 1970, recites: "This matter came up this day on confirmation. PRESENT: Earl H. Willis, attorney on behalf of Charles Wooten, attorney for the plaintiff; the defendant was not present and not represented by counsel. The matter was heard and submitted. The return on the citations showed personal service on both defendants. Judgment was rendered, read, signed and filed. See decree.[1] It was ordered that Bryan Keith

1. The judgment recites:
"This case was called for hearing in accordance with prior fixing as against Anthony Henry Ackal and on confirmation of default against the other defendant, Bryan Keith Bailey. No answer or other pleading having been filed by defendant, Bryan Keith Bailey, and considering the legal delays and preliminary default having been taken and considering that the defendant, Anthony Henry Ackal, was discharged in bankruptcy on February 23, 1968, upon involuntary petition filed against him in the United States District Court, for the Western District of Louisiana bearing Docket No. 18,446 of said Court, and that plaintiff's claim against

the said Anthony Henry Ackal for money judgment should be dismissed, reserving to plaintiff its rights as a Lessor, for reasons this day orally assigned:
"IT IS ORDERED, ADJUDGED AND DECREED that the preliminary default entered herein against Bryan Keith Bailey on March 18, 1970, be and the same is hereby confirmed and made final, and, accordingly, there be judgment in favor of plaintiff, Henry M. Delahoussaye, and against the defendant, Bryan Keith Bailey, in the full sum of NINE THOUSAND ONE HUNDRED AND NO/100 ($9,-100.00) DOLLARS, with legal interest from January 15, 1970, until paid, and all costs of these proceedings.

Bailey be served with a copy of the judgment."

Included in the record is the following affidavit sworn to by Henry M. Delahoussaye, Sr., on March 23, 1970:

"STATE OF LOUISIANA

PARISH OF ST. MARTIN

"BEFORE ME, undersigned Notary Public, duly commissioned and qualified in and for the Parish and State aforesaid, personally came and appeared HENRY DELAHOUSSAYE, who, being first duly sworn, did depose and say that:

"He is the Lessor in that certain lease dated March 22, 1967 in favor of Anthony Henry Ackal and Bryan Keith Bailey, Lessees, recorded under Entry No. 138922 of the Conveyance Records of St. Martin Parish, Louisiana; that said Lessees have not paid the rentals due under the terms of said lease for the months of November and December, 1969, and January, February and March, 1970; that demand has been made on said Lessees for payment of said rentals,

all without avail; that said Lessees have not exercised any options under said lease and that appearer has exercised his option as Lessor under the aforementioned lease.

"[Sgd] Henry Delahoussaye Sr

"SWORN TO AND SUBSCRIBED before me this 23rd day of March, 1970.

"[Sgd] Lena R. Degeyter
NOTARY PUBLIC"

On April 15, 1970, after service of the judgment, supra, counsel for Bryan Keith Bailey filed a declinatory exception in which it was averred that, "This Court lacks personal jurisdiction over the exceptor in this matter because exceptor is not a resident of St. Martin Parish, Louisiana, therefore, the petition filed herein is filed in an improper venue under the Louisiana Code of Civil Procedure."

On April 15, 1970, counsel for Bailey also filed the following Application for a New Trial:

"NOW INTO COURT, through his undersigned counsel, comes BRYAN KEITH BAILEY, one of the defendants

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that plaintiff's suit against Anthony Henry Ackal for money judgment be and the same is hereby dismissed.
"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the judgment in favor of the plaintiff, Henry M. Delahoussaye, and against the defendants, Anthony Henry Ackal and Bryan Keith Bailey, recognize plaintiff's rights as Les-

sor against the defendants, as Lessee, under that certain lease recorded under Entry No. 138922 of the Conveyance Records of St. Martin Parish, Louisiana.
"JUDGMENT READ, RENDERED AND SIGNED in Open Court in St. Martinville, Louisiana, this *sixth* day of APRIL, 1970.
"[Sgd] Robert M. Fleming
JUDGE"

▬▬▬▬▬

in the above entitled and numbered cause, and respectfully represents that:

"Judgment rendered against him herein on the sixth (6th) day of April, 1970 is contrary to the law and the evidence in the following particulars:

"1. The petition filed in these proceedings was not filed in a proper venue under the provisions of the Louisiana Code of Civil Procedure.

"2. Alternatively, this Court lacks jurisdiction over the defendant, BRYAN KEITH BAILEY;

"3. Alternatively, the judgment was rendered for an amount in excess of any amount that can possibly be owed by the defendant;

"4. Alternatively, the judgment recognizes plaintiff's rights as lessor against the defendant, BRYAN KEITH BAILEY, under that certain lease record under Entry No. 138922 of the Conveyance Records of St. Martin Parish, Louisiana, but does not recognize the said defendant's rights as lessee under said lease;

"5. Alternatively, the evidence presented to the Court in support of the judgment received by plaintiff herein was improper and insufficient to support the final judgment as awarded;

"6. Alternatively, defendant was not duly and properly served in accordance with law of the citation and pleadings in this cause.

"Defendant is aggrieved by the said judgment and desires and is entitled to a new trial.

" *   *   *"

The Minutes of the Trial Court of Friday, May 1, 1970, recite: "This matter came up this day on application for a new trial. PRESENT: Earl H. Willis, attorney for the plaintiffs; A. J. Plaisance, attorney for the defendants. It was stipulated by counsel for plaintiff and defendants that John W. Hutchinson told Mr. Earl H. Willis that he could proceed to judgment. Before the judgment was rendered, *the matter was heard* and the motion for a new trial was denied." (Emphasis ours.)

After the denial of his motion for a new trial, Bailey appealed in forma pauperis devolutively to the Court of Appeal. Plaintiff, as judgment creditor, seized the rights of the lessee under the lease which was sold at public auction. Plaintiff acquired the rights of the lessee under the lease and is now in possession of his property.

In a short memorandum filed in the Court of Appeal, counsel for Bailey averred in part:

"Appellant believes that the question herein is one of law, i. e., was the default judgment confirmed by sufficient and/or proper evidence?

*"The Law:*

"Appellant calls to this Court's attention that Article 1702 of the Louisiana Code of Civil Procedure states that:"

Counsel then quoted Article 1702 as written before its amendment in 1968; we quote it as amended:

"A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. If no answer is filed timely, this confirmation may be made after two days, exclusive of holidays, from the entry of the judgment of default.

"When the sum due is on an open account, promissory note or other negotiable instrument, an affidavit of the correctness thereof shall be prima facie proof. When the demand is based upon a promissory note or other negotiable instrument, no proof of any signature thereon shall be required."

The memorandum continues:

"The demand herein was one for alleged lease rental payments. It was not one on open account. The demand, or original suit, herein was not based upon a negotiable instrument. Appellant, therefore, believes that in order for a judgment to be rendered by confirmation, as was done herein, it is necessary that the alleged written lease be entered into evidence and that appellant's signature to the lease be proven, all in accord-

ance with Article 1702, which is quoted above.

"Your Honors will note that the only evidence introduced when the plaintiff herein was granted a default judgment was an affidavit of the plaintiff, (TR., p. 8). The actual lease which allegedly was signed by the defendant was not introduced, no testimony was taken, and, therefore, it is Appellant's position there was not sufficient proof of the demand to establish a Prima Facie Case."

The Court of Appeal rendered the judgment described supra. It found that to establish a prima facie case, it was necessary that plaintiff prove the lease, and that the absence of the written instrument (lease) from the record shows that this was not done. The Court stated: " * * * this is not a suit on an open account where proof by affidavit is sufficient. This is a demand based on a written contract. A prima facie case must be proved the same as if it were being tried on the merits." Plaintiff's suit was dismissed without prejudice. The Court felt that plaintiff might be able to prove his demand in a subsequent suit.

In this Court, plaintiff assigns the following errors to the judgment of the Court of Appeal:

"ERROR NO. 1: The Court of Appeal erred in concluding that the default judgment rendered by the lower court

as to Defendant-Appellant and on answer filed by other Defendant admitting allegations of Plaintiff's petition was based upon insufficient evidence, when the jurisprudence of this state is clear that the default judgment of the lower court is presumed to have been based upon sufficient evidence and will not be reversed in the absence of a clear showing to the contrary and, in this case, Defendant-Appellant has not alleged any defense.

"ERROR NO. 2: The Court of Appeal erred in dismissing Plaintiff's suit against two defendants without prejudice instead of remanding the case to the lower court because:

"(1) One of two defendants filed an answer admitting all allegations of Plaintiff's petition; and,

"(2) The other defendant (Defendant-Appellant) was personally served, filed no pleadings, and in motion for new trial filed in lower court, has not alleged any defense to any of the allegations of plaintiff's petition."

On January 12, 1972, counsel for Bailey addressed the following letter to this Court:

"I wish to inform you by means of this letter that I shall not appear for oral arguments on behalf of Brian Keith Bailey, defendant and appellee, in the above stated matter because my client has instructed me to waive his right to the filing of a brief and oral argument."

Counsel for plaintiff-relator appeared in this Court on the day the matter was called for hearing and argued the case on the assignment of errors, supra.

■ Presented for our determination, therefore, is the correctness vel non of the decision of the Court of Appeal which found that it was necessary for plaintiff to have presented in evidence the written lease herein involved when the preliminary default was confirmed. At the time the preliminary default was confirmed, defendant, as stated supra, had filed no pleadings. Thus, the trial judge was not presented with a denial of the existence of the lease or question as to its terms; what he had to decide principally was whether plaintiff was entitled to have his demands, allegedly resulting from non-payment of rentals due, granted. The non-payment was alleged in plaintiff's petition filed by his counsel; it was sworn to in the affidavit, supra, filed in the proceedings by plaintiff. Under these facts and circumstances, which the trial judge in his judgment, supra, enumerates in part, we do not find that the trial judge committed error in confirming plaintiff's preliminary default.

We shall not discuss the declinatory exception filed by defendant after confirmation of default; it is without merit. Cf. Arts. 44 and 928, LSA–C.C.P.

After confirmation of default, defendant, as stated supra, filed a motion for a new trial. This motion contained the many averments quoted supra. Defendant, however, made no assertion with respect to the validity vel non of the lease. In fact, in Article 4 of the motion for a new trial, supra, he admitted the existence of the lease; nowhere did he aver payment; he alleged that the judgment was rendered in excess of any amount that can possibly be owed the defendant (Article 3), and that the evidence presented to the court in support of the judgment received by plaintiff was improper and insufficient to support the final judgment as awarded (Article 5).

The minutes of the trial court, quoted supra, reflect that there was a hearing on the allegations and contentions set forth in the motion for a new trial, and after such hearing, the motion for a new trial was denied. At this hearing upon the motion for a new trial, the trial court rejected the claim that any deficiencies and omissions occurred at the time of the confirmation of default.

We conclude that under the facts and circumstances of this case, a prima facie showing was made by plaintiff at the time of the confirmation of default. Despite the facts that there is no transcript of testimony and the instant lease was not found in evidence, we must presume that the trial judge was presented with legal and sufficient evidence for confirmation of the preliminary default taken by plaintiff. Art. 1702, LSA–C.C.P., supra. We further conclude that under all of the facts and circumstances of this case, the trial judge was presented with legal and sufficient evidence to support the final judgment as awarded.

We find that the trial judge complied with the provisions of Art. 1702, LSA–C.C.P., supra. The case of Francois v. Cloud, La.App., 149 So.2d 678, cited by the Court of Appeal, is not apposite; its facts are not similar to those herein presented.

For the reasons assigned, the judgment of the Court of Appeal, Third Circuit, is reversed and set aside. The judgment of the trial court is affirmed.

SUMMERS and BARHAM, JJ., concur in the result.

McCALEB, C. J., dissents being of the opinion that the judgment of the Court of Appeal is correct.

DIXON, Justice (dissenting).

I must respectfully dissent.

The whole record is before us. There is no admissible evidence in the record. There is no law or authority that allows the affirmance of a judgment on appeal when plaintiff's demands are wholly unsupported by admissible evidence, admis-

sions or stipulations. The judgment of the Court of Appeal should be affirmed, and the judgment of the trial court should be reversed.