ON MOTION TO DISMISS APPEAL
SARTAIN, Judge.
Plaintiff-appellee timely filed a motion to dismiss the appeal of defendant from a *357 judgment rendered in favor of plaintiff on confirmation of default. Plaintiff contends that defendant’s appeal should be dismissed on the grounds that the record of the trial court proceedings lodged in this court on September 10, 1973 contains no transcript of testimony, no agreed statement of facts between the parties, no narrative of facts by the court, nor did the defendant attempt to procure such under the provisions of La.C.C.P. Articles 2130 and 2131.
This suit was originally filed by plaintiff on April 26, 1973 seeking recovery on open account of an alleged indebtedness owed by defendant of $16,855.17 for merchandise purchased from plaintiff. Defendant failed to answer the suit and a preliminary default was entered on May 21, 1973. This default was confirmed on May 24, 1973, the trial court rendering judgment for plaintiff as prayed for. Defendant sought and obtained an order of devolutive appeal on August 7, 1973. Defendant’s appeal bond was timely filed and the record was lodged with this court. Within the three day delay after the return date plaintiff filed the present motion to dismiss the appeal.
Our review of the record discloses that it contains plaintiff’s petition, the affidavit of H. T. Broussard, president of plaintiff, a request for admission of facts, numerous paid and unpaid invoices of merchandise, the sheriff’s return on service of process, minute entries reflecting the preliminary default and confirmation of that default judgment, the judgment of the trial court, the motion and order for devolutive appeal, the appeal bond, and the certificate of the clerk of court.
The judgment of the trial court recites that “. . . upon producing due proof in support of Plaintiff’s demand, the preliminary default entered on the 21st day of May, 1973, is hereby confirmed and made final . . .”. The minute entry of May 24, 1973 recites as follows:
“On motion of attorney for plaintiff, this case was set down for confirmation of default, was taken up in its turn, evidence adduced and submitted. Judgment rendered in favor of plaintiff as prayed for (SEE DECREE). Judgment read and signed.”
Plaintiff contends that because defendant failed to obtain a stipulated note of evidence by the parties or a narrative of facts by the trial court the appeal should be dismissed due to the fact that the record contains no transcript of testimony or narrative of facts. In support of this contention plaintiff cites the following cases: Williamson v. Enterprise Brick Co., 190 La. 415, 182 So. 556 (1938); Cooley v. Broad, 29 La.Ann. 71 (1877); Cambell v. Marshall, 28 So.2d 296 (2nd La.App., 1946); Chelette v. Roberts, 185 So. 678 (2nd La.App., 1939); Pearson v. Hartford Accident & Indemnity Co., 263 So.2d 430 (1st La.App., 1972); and Webre v. Heard, 207 So.2d 880 (1st La.App., 1968). Each of these cases stands for the proposition that an appellate court must dismiss an appeal where the record filed therein contains no transcript of testimony or statement of facts agreed to by the parties or furnished by the trial judge, as there is nothing for the appellate court to review.
We find this rule and the cited cases in-apposite to the instant suit. We are here presented with an appeal from a default judgment timely perfected by the defendant. None of the above cited cases dealt with an appeal from a default judgment.
La.C.C.P. Article 1702 provides that a judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie casé. The defendant against whom a default judgment has been rendered can either appeal from that judgment or bring a separate suit for nullity on the grounds that the judgment was procured by fraud, ill practices or misrepresentation. It has been stated that the action in nullity cannot be used as a substi *358 tute for an appeal on the grounds that the judgment is erroneous as a matter of law, which appeal tests the sufficiency of the evidence put forth at the confirmation hearing. Walsh v. Walsh, 215 La. 1099, 42 So.2d 860 (1949); Romero v. Galley, 79 So.2d 625 (1st La.App., 1955).
On appeal from a default judgment it is incumbent on the appellant to show that the judgment was based upon insufficient evidence. In order for the appellate court to determine if the default judgment was based upon sufficient evidence the court of appeal must review the case that was heard and decided by the trial court as contained in the record. Young v. Warner, 283 So.2d 547, 551 (1st La.App., 1973); State v. Sommerville, 112 La. 1091, 36 So. 864 (1904).
 Plaintiff also cites the well established presumption that where the record contains no transcript of evidence, or statement of facts agreed to by the parties or made by the court, the recitals in the judgment are presumed correct, and the judgment is assumed to have been rendered upon sufficient evidence. Jenkins v. Tillman, 221 So.2d 895 (1st La.App., 1969); Harvey v. McMinn, 238 So.2d 772 (1st La.App., 1970); Delahoussaye v. Ackal, 261 La. 200, 259 So.2d 63 (1972). While the presumption exists that the plaintiff has produced due proof of its claim and that the trial court judgment was rendered upon sufficient evidence, it is only a presumption and does not attach when the record upon which the judgment is rendered indicates otherwise. Ascension Builders, Inc. v. Jumonville, 262 La. 519, 263 So.2d 875 (1972). The applicability of the cited presumption must be determined on the merits of the case, but its existence and rebuttability indicates that the appellate court is bound to review the record on an appeal from a default judgment, whether or not that record contains a transcript of testimony, written narrative of facts or note of evidence.
In addition we note that Act 531 of 1972 amended La.C.C.P. Article 2161 to provide that an appeal should not be dismissed because the record is missing, incomplete or in error, no matter who is responsible. Therefore, even if we were to hold this record incomplete, the proper remedy under the amended statute would be to remand the case for retrial or correction of the record. In view of the nature of appellate review of an appeal from a default judgment, we decline to exercise our authority to remand this case.
Accordingly, for the above reasons, the motion to dismiss this appeal is hereby denied.
Motion denied.