LABORDE, Judge.
Defendants, United Van Lines and William D. White d/b/a Bud White Moving and Storage, appeal a default judgment holding them liable for damages to furniture owned by plaintiff, Wanda McGowen Skye. We reverse. We hold that the trial court erred in confirming a default judgment without plaintiff’s proof of every essential element of her cause of action.
MOTION TO DISMISS THE APPEAL
We first consider appellee Skye’s motion to dismiss the appeal.
Skye moves to dismiss the appeal on the following grounds: no transcript was made of the evidence, the record contains no written reasons for judgment, and defendants- *554 appellants failed to request a signed narrative of facts pursuant to LSA-C.C.P. 2131.[1]
The general rule is where there is no transcript of evidence, nor written reasons for judgment, nor written narrative of facts, the appeal will be dismissed. However, there is an exception that even though the oral evidence is missing, the appeal will not be dismissed where the correctness of the trial court judgment does not depend upon the missing testimony. Clark v. Richardson, 157 So.2d 325 (La.App. 3rd Cir. 1963); Hydrotex Industries v. Cartwright, 45 So.2d 93 (La.App. 2nd Cir. 1950); and Williamson v. Enterprise Brick Company, Inc., 190 La. 415, 182 So. 556 (1938). Based on the following reasons, we hold that the above exception applies to this case.
White and United appeal the judgment urging the trial court erred in: 1) rendering a judgment when the record contained no return of service on the Secretary of State; 2) rendering a judgment in a matter in which it lacked subject matter jurisdiction; 3) rendering a judgment where the criteria for service had been preempted by federal law; 4) rendering a judgment where there had been no allegation or proof that the carrier received the items, allegedly damaged in transit, in good condition; and 5) rendering a money judgment based upon inadequate proof of damages. A determination of the correctness of these issues does not depend on the oral testimony. Instead, what is really involved are questions of law which this Court may consider and determine by viewing the pleadings and exhibits in the record (Hydrotex Industries v. Cartwright, supra) along with the briefs submitted by counsel. Bernhardt v. Curtis, 109 La. 171, 33 So. 125 (1902). Therefore, the motion to dismiss the appeal is denied.
THE MERITS
According to her petition, Skye hired White and United to move her furniture from her former home in Longview, Texas to her present home in Alexandria, Louisiana. On October 18, 1978, White and United moved Skye’s furniture pursuant to this arrangement. As her furniture was removed from appellants’ truck, Skye discovered the following damages to the items of her furniture:
(1) Queen Ann chair had a broken arm and the chair cannot be repaired $ 450.00
(2) King size rattan bed headboard was pierced and torn and cannot be repaired ' 490.00
(3) Baker end table was scraped along one side and needs refinishing 300.00
(4) Glass chandelier shattered 150.00
(5) One cushion from a sofa was missing and cannot be replaced, making the entire sofa worthless 1,100.00
(6) A glass top for a chrome table was not delivered 250.00
TOTAL. $2,640.00
Skye made numerous demands on appellants seeking payment of these damages. When they failed to respond, she filed suit which eventually led to a default judgment awarding the damages prayed for.
Appellants appeal the default judgment on the grounds above mentioned. One of appellants’ arguments is that the trial court erred in confirming a default without plaintiff’s allegation or proof of an essential element of her cause of action. For the reasons which follow, we agree.
To confirm a default judgment, plaintiff must prove every essential element of his cause of action. LSA-C.C.P. art. 1702. Skye’s cause of action involves recovery of damage to property caused by a common carrier in an interstate shipment. The basis and essential elements of this cause of action were announced by our Court in Dischler v. Red Ball Motor Freight, Inc., 352 So.2d 764 (La.App. 3rd Cir. 1977). In Dis-chler the Court stated:
“The basis for liability of a common carrier for any loss, damage or injury to *555 property caused by the common carrier in an interstate shipment is the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C.A. Section 20(11). In order to maintain a successful action as against the carrier, the plaintiff, whether he be a shipper or consignee, must prove by a preponderance of the evidence (1) receipt by the carrier of the items in good condition; (2) arrival of the items in damaged condition to the plaintiff, and (3) the amount of the loss sustained thereby. Proof of all three is prerequisite to a judgment in favor of plaintiff. The absence of proof as to any one of the three leads to judgment in favor of the defendant carrier. Frischhertz Electric Co. v. Strickland Transp. Co., 262 La. 791, 264 So.2d 646 (1972); Home Furniture & App. v. Red Ball Motor Freight, Inc., 343 So.2d 319 (La.App. 2 Cir. 1977), writ refused 345 So.2d 1193 (La.); Caillier v. Texas & Pacific Railway Co., 303 So.2d 871 (La.App. 1 Cir. 1974), writ refused 307 So.2d 628.”
Examining Skye’s petition, we note the absence of any allegation that the appellants, White and United, received Skye’s furniture in good condition.
Generally, failure to plead the essential elements of a claim presents no problem because of the rule that so long as the essential facts constituting the claim are proved, the plaintiff may be granted any relief to which he is entitled under the evidence. This is because the opposing party, by failing to object to evidence not pertinent to any of the issues raised by the pleadings, is deemed to impliedly consent to enlargement of the pleadings by that evidence. However, this presumption is unavailable when confirming a default judgment. The very nature of a default judgment dictates this as no opposing party is present, and hence there is no basis to presume the pleadings were enlarged by that party’s failure to timely object. The result is that in confirming a default, plaintiff must not only prove every essential element of his cause of action, he must also plead every essential element as a prerequisite to that proof.
Applying the above criteria, Skye is precluded from proving that White and United received her furniture in good condition because she failed to plead that fact in her petition. Yet, the carrier’s receipt of the furniture in good condition is an essential element of Skye’s cause of action. Hence, we hold that the trial court erred in confirming a default judgment without plaintiff’s proof of this essential element of her cause of action. The default judgment must be reversed.
Since we have concluded that the default judgment must be reversed for the reasons above set out, it is unnecessary for us to consider the additional arguments appellants urge on appeal.
For the reasons assigned, the judgment appealed from is reversed, and plaintiff’s suit is dismissed without prejudice. Costs of this appeal are assessed to plaintiff-ap-
pellee. REVERSED AND RENDERED.

. LSA-C.C.P. art. 2131 provides:
“If the testimony of the witnesses has not been taken down in writing the appellant must request the other parties to join with him in a written and signed narrative of the facts, and in cases of disagreement to this narrative or of refusal to join in it, at any time prior to the lodging of the record in the appellate court, the judge shall make a written narrative of the facts, which shall be conclusive.”